## John P. Platt and another v. Charles R. Brand and others.

*Verdict: Error: Exceptions.*  Where a verdict has been found by a jury upon a correct charge, and upon testimony not excepted to, the correctness of the verdict cannot be controverted on error, on any claim that was not made at the circuit and properly raised on exceptions.

*Contract: Refusal to perform: Recoupment.*  A distinct refusal to perform a contract will support a right of action, without waiting for the time of performance.—*Hosmer v. Wilson. 7 Mich., 294.*  The same principle will support a claim of recoupment by the party not in fault.

*Recoupment: Cross-action: Damages.*  The right of recoupment is not confined to damages arising before action brought, but may include any thing for which a cross-action would lie at the time of pleading.  The doctrine of recoupment is to be favored as preventing a multiplicity of suits.

*Breach of contract: Damages.*  Where a party, on default of his contractor, purchases the articles which the latter should have furnished, and gets them on as good terms as he can, he is entitled to re-imbursement on those terms.

*Heard October 30.  Decided November 7.*

Error to Wayne Circuit.

*John J. Speed,* for plaintiffs in error.

*D. B. & H. M. Duffield,* for defendants in error.

CAMPBELL, J.

Plaintiffs sued defendants on the common counts with a a copy of an acceptance appended to the declaration, and

defendants set up in defense, by way of recoupment, that the claim sued on was the price of certain glass purchased of plaintiffs, under a contract whereby they were to furnish certain other glass also, to be delivered before the first day of May, 1872; that the glass was to be used in a building in Detroit for which defendants were under contract to furnish it, and that plaintiffs refused to furnish it, and defendants were put to expense and damage by the failure, and compelled to supply themselves at a loss.

Upon the trial it appeared that evidence was given to make out this defense, which was believed by the jury, who gave a verdict for defendants. The questions presented arose upon the trial.

The first point suggested here is, that the acceptance was in fact given for two separate bills of glass actually furnished before its date, and that the notice of recoupment only claims that the contract broken included the last of those two bills, and a third bill of the glass not delivered, and that the defense cannot be maintained for this reason, the first sale being separate.

There was no exception taken to the admission of testimony, and there was testimony tending to prove the case as set up by the defense. The charge of the court only allowed the jury to find for the defendants, in case their purchases made up one single contract. We cannot, therefore, go into any investigation to see whether a mistake of fact was made, when the attention of the court and jury was not called to it, and when there was evidence to maintain the case as charged upon. If this supposed discrepancy had been pointed out when the case was put to the jury, a charge might have been asked, which would have brought up the question, whether the discrepancy really existed, or, if existing, would have affected the defense. But we cannot now consider it in any shape. The jury found only one contract was made.

The action was brought and the plea was put in, and issue joined before May, 1872. The testimony showed a refusal of plaintiffs, to furnish the glass, made in November, 1871. It is now argued that no cause of action, and therefore no right of recoupment could arise, until the original time of performance expired. As this question was very fully considered by this court in *Hosmer v. Wilson, 7 Mich. R., 294*, where it was held that such a refusal did give an immediate right of action, we need not discuss it. The rule there laid down supports this defense.

We do not think the fact that the defendants completed their purchases, and so ascertained the amount of damages, after suit brought, and before plea, is of any consequence. The breach itself occurred long before; and it is very questionable whether the ascertainment of the actual damages is not practically an ascertainment of what the defendants then suffered, in law and in fact. The course taken was one really for the benefit of plaintiffs, and reduced their liability, by efforts made to repair the injury as far as possible. But we think the purpose of recoupment would be defeated, if the party cannot be allowed to plead what he might, at the time of pleading, have declared upon. The object of this practice is to diminish litigation by consolidating controversies into one action. The whole doctrine is one of the equitable outgrowths of the improvement of legal practice; and no obstacle should be thrown in the way of its encouragement. Our legislation has indicated this design, by enlarging the defense, and permitting defendants to recover damages beyond the plaintiff's claim. We do not feel disposed to accept any technical doctrines which would prevent its full efficacy, unless compelled by a weight of authority which we do not find here.

The estimate of damages by the bills of the actual purchases, aided by the testimony of Brand, that he made the best terms he could, was satisfactory, and within our former

PLATT *v.* BRAND.

decisions.—*Haskell v. Hunter, 23 Mich., 306; Gilbert v. Kennedy, 22 Mich., 117; Sisson v. Cleveland & Toledo R. R. Co., 14 Mich., 489.* Here the defendants actually purchased what they needed, and the circuit court required that they should have done so at the lowest possible price, in order to make out their defense. This the jury must have found. The rule, applied to parties acting in good faith, is quite as stringent as it ought to be.

This is no error in the proceedings, and the judgment must be affirmed, with costs.

The other Justices concurred.