PEOPLE *v.* JAMES.[1]

CERTIORARI—OTHER REMEDIES—DISCRETION.
 The writ of certiorari is a discretionary writ, and where, as in this case, respondent may review all of the alleged errors of the trial court upon a writ of error, the writ will be denied upon the ground that another remedy is adequate and available.

Certiorari by John James to review a conviction of statutory rape. Submitted January 18, 1909. (Calendar No. 23,228½.) Writ dismissed March 3, 1909.

*Cogger & Broomfield,* for petitioner.

McALVAY, J. This is an application by respondent for a writ of certiorari to review errors claimed to have been committed upon his trial and conviction of a felony before the circuit court for Mecosta county. A disputed question of fact in the case was whether the offense charged was committed in Isabella county, within 100 rods of the county line of Mecosta county, upon which fact depended the jurisdiction of the trial court. Upon the conclusion of the trial the court stated that this question of jurisdiction depended upon the locality where the offense, if any, was committed, and then charged the jury upon that question of fact alone, and sent them out to consider and determine it. The jury returned a finding that the location where the transaction occurred was within 100 rods of the Mecosta county line. The court thereupon charged the jury in the case, and a verdict of guilty was returned. Objections and exceptions were properly taken to all these proceedings. This application is made after judgment and sentence.

We are of the opinion that, as respondent has an ade-

---

[1] Headnote prepared by McALVAY, J.

quate remedy to review the alleged errors of the trial court upon writ of error and bill of exceptions, this application must be denied. The writ of certiorari is a discretionary writ, and not a writ of right, and this court has consistently followed the rule that where another remedy is available and adequate, the writ will not be granted, except under peculiar circumstances, where the denial would involve a failure of justice. *Farrell* v. *Taylor*, 12 Mich. 113; *Specht* v. *City of Detroit*, 20 Mich. 168; *Smith* v. *Reed*, 24 Mich. 240; *Mathias* v. *Mason*, 66 Mich. 524, and many other cases. We find a Michigan case (*People* v. *Murray*, 89 Mich. 276 [14 L. R. A. 809]), where respondent sued out a writ of error, and also obtained a writ of certiorari. No bill of exceptions was settled or signed. The return to the writ of error brought the entire record before this court. The writ of certiorari was based upon many affidavits, in support of respondent's contention, that he was deprived of the public trial guaranteed to him by the Constitution. The court said:

"We do not think that the errors brought up by the writ of certiorari could have been reached by a writ of error. Many facts which are shown in the affidavits and petition for the writ would not appear in the return to a writ of error, or in a bill of exceptions."

From the reasoning of this case the conclusion is unavoidable that, if the error complained of could have been embodied in a bill of exceptions, a writ of certiorari would have been denied. In the case at bar it is admitted that the errors relied upon all appear upon the face of the record. It follows that they all could have been made to appear in a bill of exceptions.

The writ is denied.

BLAIR, C. J., and GRANT, MONTGOMERY, and BROOKE, JJ., concurred.