## *In re* BREWER.

1. CERTIORARI—WILL NOT ISSUE WHERE OTHER REMEDY EXISTS.
   Writ of certiorari will not issue in those cases in which there is a plain, speedy, and adequate remedy by appeal, writ of error, or exceptions.

2. SAME—NOT WRIT OF RIGHT.
   Writ of certiorari is discretionary writ, and not writ of right.

3. SAME—WILL NOT ISSUE WHERE PARTY NEGLECTS OTHER REMEDY.
   Where party has negligently suffered time to elapse within which an appeal might have been taken or writ of error sued out, or has disregarded any other remedy to which he was entitled, and such neglect is not sufficiently excused, or where he has failed seasonably to take advantage of the ordinary remedies afforded to him, certiorari will not lie.

### ON REHEARING.

4. APPEAL AND ERROR—STATUTORY RIGHT.
   In absence of statute, no right of review by writ of error or by appeal exists.

5. CERTIORARI—VACATING PART OF PLAT.
   Certiorari is proper remedy to review decision of lower court in proceedings to vacate part of plat under Act No. 6, Pub. Acts 1926 (Ex. Sess.), amending 1 Comp. Laws 1915, § 3355; review by writ of error or by appeal not being provided for in the statute.

6. SAME—OFFICE OF CERTIORARI.
   Office of writ of certiorari being to bring up for review the proceedings of the lower court to determine whether such court acted within its jurisdiction, only questions of law may be reviewed.

7. SAME—VACATING PART OF PLAT.
   On certiorari, judgment of trial court dismissing plaintiff's petition to vacate part of plat under Act No. 6, Pub. Acts 1926 (Ex. Sess.), amending 1 Comp. Laws 1915, § 3355, being sustained by ample testimony, is affirmed.

Certiorari to Kent; Brown (William B.), J. Submitted October 16, 1929. (Docket No. 115, Calendar No. 34,210.) Decided January 24, 1930. Resubmitted April 8, 1930. Decided June 2, 1930.

Petition by Joseph H. Brewer to vacate a part of a plat. Objections were filed by David J. O'Brien and others. Plaintiff reviews dismissal of petition by certiorari. Affirmed on rehearing.

*Norris, McPherson, Harrington & Waer* (*John C. Cary,* of counsel), for plaintiff.

*Cornelius Hoffius,* for defendants.

POTTER, J. May 27, 1927, plaintiff filed a petition in the circuit court for Kent county to vacate a part of the plat called Indian Trail. The application was to vacate lots 40 to 57 inclusive, and the walks, so-called, lying between 40 and 41, 46 and 47, 51 and 52, and that part of the street called Indian Trail lying opposite the northwesterly side of lots 40 to 57 inclusive. Service was had and objections filed by a number of landowners. The case was tried and the application dismissed December 28, 1927. Petition for certiorari was presented and the case is here upon the return to the writ. Defendants filed a petition asking the dismissal of the certiorari proceedings upon the grounds: *First,* the appellant had an adequate remedy by appeal, but, having lost it, he has lost the right to a writ of certiorari; and, *second,* the appellant has been guilty of laches and therefore is not entitled to a writ of certiorari.

The rule is well settled that a writ of certiorari will not issue in those cases in which there is a plain, speedy, and adequate remedy by appeal, writ of error, or exceptions. In those cases in which the

applicant for certiorari has lost his right to appeal through inadvertence, accident, or mistake, it is sometimes held that he may have a remedy by cer. tiorari on a showing of probable merits and freedom from fault. But where a party has negligently suffered the time to elapse within which an appeal might have been taken or a writ of error sued out, or has disregarded any other remedy to which he was entitled, and such neglect is not sufficiently excused, or where he has failed seasonably to take advantage of the ordinary remedies afforded to him, certiorari will not lie.

"The writ of certiorari is a discretionary writ, and not a writ of right, and this court has consistently followed the rule that where another remedy is available and adequate, the writ will not be granted, except under peculiar circumstances, where the denial would involve a failure of justice." *People* v. *James,* 155 Mich. 548.

"If the error complained of could have been embodied in a bill of exceptions, a writ of certiorari would have been denied." *People* v. *James, supra.*

"From an early day it has been held by this court that the remedy by certiorari should not be favored, and would generally be refused when another adequate remedy existed." *Detroit Lumber Co.* v. *Auxiliary Yacht "Petrel,"* 155 Mich. 350.

"While it is true that certiorari should not be favored where any other remedy is adequate, yet it will undoubtedly lie for want of jurisdiction. But in cases involving the interference with important works, the writ ought not to be allowed unless applied for as soon as practicable. The time for appeal is limited to twenty days, and we shall not feel disposed to sustain a certiorari granted after a longer time, unless under circumstances clearly explaining and accounting for the delay." *Dunlap* v. *Railway Co.,* 46 Mich. 190.

The writ will be denied, with costs to defendants.

WIEST, C. J., and BUTZEL, CLARK, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., took no part in this decision.

ON REHEARING.

POTTER, J. The facts appear in the opinion filed herein in *Re Brewer, ante,* p. 450. The statute under which proceedings were taken (Act No. 6, Pub. Acts 1926 [Ex. Sess.], amending 1 Comp. Laws 1915, § 3355) does not provide for review either by writ of error or by appeal. In the absence of statute, no right of review by writ of error or by appeal exists. This court heard and disposed of *In re Petition of Hawkins,* 244 Mich. 681, an analogous case, on appeal. Certiorari is the proper remedy to review the decision of the lower court. Upon certiorari this court does not review questions of fact. As said in *Re Oakes,* 249 Mich. 494, the office of a writ of certiorari is to bring up for review the proceedings of the lower court to determine whether such court acted within its jurisdiction. Only questions of law can be reviewed; questions of fact cannot be tried. 1 Abbott's Cyc. Mich. Practice (2d Ed.), p. 274.

"Upon certiorari we do not weigh the evidence and determine upon which side the preponderance rests. Our investigation of the evidence is directed solely to the question of whether there is any evidence to support the findings of the trial judge—to support the judgment." *Story & Clark Piano Co.* v. *Ottawa Circuit Judge,* 212 Mich. 1.

There was ample testimony in this case to sustain the judgment of the trial court, which is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.