WHITE STAR REFINING CO. *v.* EVANS.

1. Trial—Transfer of Causes from Equity to Law Side of Court—Discretion.

    Transferring cause from equity to the law side of the court, or *vice versa,* is not discretionary (3 Comp. Laws 1929, § 14008).

2. Same—Elimination of Equitable Relief—Transfer of Causes.

    Order transferring cause from equity to law side of the court *held,* proper where equitable relief by way of discovery and injunction had been eliminated from case and only issue presented in case pending at time order was made was one for damages which "should have been brought as an action on the law side of the court" (3 Comp. Laws 1929, § 14008).

3. Contracts—Breach—Prospective Damages.

    Upon breach of a contract the right of action for such breach accrues to aggrieved party forthwith and he is not compelled to wait until their actual accrual before instituting suit to recover prospective damages, especially where contract stipulates the damages for its breach in the particular involved.

4. Pleading—Amendment—Damages.

    Amendment to bill of complaint in suit for breach of contract for exclusive sale of motor fuels and lubricants, made when cause was transferred to law side of the court and which included alleged right to recover liquidated damages accruing since cause was commenced *held,* proper.

Appeal from Wayne; Miller (Guy A.), J. Submitted September 26, 1934. (Calendar No. 37,601.) Decided December 11, 1934.

Bill by White Star Refining Company, a Delaware corporation, against Frank J. Evans and Woodward Oil Corporation, a Michigan corporation, for an injunction and for other relief. Discontinued as to defendant Woodward Oil Corporation. Defend-

ant Evans reviews order transferring cause to law side of court and permitting amendment of pleadings by appeal in the nature of mandamus.  Affirmed.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff.

*Lynch & Hinks,* for defendant.

NORTH, J.  After this cause was at issue the trial court entered an order transferring it to the law side of the court.  Permission having first been obtained, defendant Frank J. Evans appealed in the nature of mandamus.  The primary question presented is the right or authority of the circuit judge to transfer this cause from the chancery to the law side of the court.

As set forth in the bill of complaint originally filed, plaintiff's case is based upon the following facts.  Plaintiff was engaged in the business of producing and selling motor fuels and lubricants.  Defendant Evans as the lessor and operator of a filling station entered into a contract to buy all motor fuels and lubricants handled or sold at his service station from plaintiff for a period of one year from date (February 6, 1928), "and thereafter until cancelled by either party on six months' written notice."  On April 6, 1931, Evans served notice of termination of the contract, effective October 6, 1931.  Prior to the last mentioned date Evans began dealing in motor fuels and lubricants other than plaintiff's.  The contract contained the following provision:

"Whereas serious and substantial damage will be suffered by seller in case buyer refuses or neglects to purchase fuels and lubricants as above specified, and exact proof thereof will be difficult, buyer agrees that, in case of such refusal or neglect, he will pay to seller as liquidated damages a sum equal to $225

multiplied by the number of months remaining between date of such breach and expiration of this contract. Such sum shall be paid by buyer to seller upon demand in case of buyer's refusal to continue to purchase motor fuels and lubricants from seller, or in case buyer purchases same elsewhere, seller being ready, willing and able to furnish buyer with his requirements. In other respects, damage sustained by either party in case of breach shall be proven in the manner provided by law.''

The bill further alleges that in an attempt to evade his contractual obligations Evans arranged with a concern known as The Woodward Oil Corporation to take over his service station but this arrangement was wholly fictitious and made for the purpose of enabling Evans to discontinue buying motor fuels from plaintiff and to sell at his service station motor fuels and lubricants other than plaintiff's without incurring liability for breach of his contract; and that Evans in truth and in fact was continuing to operate, control and manage the station for his own benefit, and not as an agent or employee of The Woodward Oil Corporation. The plaintiff prayed for discovery which would reveal the true nature of the transaction whereby The Woodward Oil Corporation, which was made a defendant with Evans, acquired an interest in the Evans filling station and the consideration, if any, paid therefor. It sought injunctive relief both *pendente lite* and permanent, also general relief. Its bill of complaint was filed April 30, 1931.

Each of the defendants answered. Thereafter on the hearing of an order to show cause injunction *pendente lite* was denied. On October 14, 1933, plaintiff's motion to transfer the cause to the law side of the court was granted. From this order defendant Evans has appealed. By stipulation the

suit was discontinued as to The Woodward Oil Corporation.

"If at any time it appear that a suit commenced in equity *should have been brought as an action on the law side of the court,* or if it appear that an action commenced on the law side of the court should have been brought in equity, it shall be forthwith transferred to the proper side, and be there proceeded with, with only such alteration in the pleadings as shall be essential." 3 Comp. Laws 1929, § 14008.

Transferring a cause from equity to the law side of the court, or *vice versa,* is not discretionary. *Lake Superior Brass Foundry Co.* v. *Houghton Circuit Judge,* 209 Mich. 380. It is appellant's contention that a circuit judge has power under the statute to transfer a cause from one side of the court to the other only when the cause is one which should have originally been instituted on the side of the court to which it is transferred. In this connection appellant points out that if plaintiff had prosecuted and established its case it would have been entitled to relief on the equity side of the court both by way of discovery and by injunction. Therefore, appellant contends, plaintiff's suit was properly brought on the equity side of the court, and cannot be transferred over defendant's objection to the law side.

As applied to the facts in the instant case, appellant's contention cannot be sustained. Before the cause was transferred to the law side of the court (October 14, 1933) the contract between plaintiff and appellant, in accordance with the provision therein contained, had been cancelled and terminated as of October 6, 1931, plaintiff had previously been denied the benefit of a temporary injunction.

Because of termination of the contractual relation, plaintiff clearly was not entitled to a permanent injunction. Appellant in answer to plaintiff's bill of complaint admitted that he still controlled and operated the service station, therefore there was no occasion for decreeing discovery. This left a case between the litigants wherein the only question for adjudication was plaintiff's right to recover damages from defendant Evans. Clearly this was an issue triable on the law side of the court. In the absence of any occasion for equitable relief it was not properly triable in equity. *Bassett* v. *Trinity Building Co.*, 254 Mich. 207. In other words at the time the transfer was ordered the suit pending between the parties presented only an issue which "should have been brought as an action on the law side of the court," and was within the statute authorizing the transfer. 3 Comp. Laws 1929, § 14008.

The appeal herein presents the further question as to the authority of the trial court to permit as an amendment to the bill of complaint treated as a declaration an allegation under which plaintiff sought to recover as liquidated damages $1,125, this being the stipulated damages for five months at the rate of $225 per month as provided in the portion of the contract above quoted. Under the bill of particulars the five months covered were those intervening between May 6, 1931, and October 6, 1931. It is appellant's contention that since the declaration (bill of complaint) was filed April 30, 1931, there can be no recovery in this action for damages which accrued subsequent to the starting of suit, and an amendment covering such an alleged right of recovery is improper. But appellant's alleged breach of the contract was prior to plaintiff's suit. The law is well settled that upon breach of a contract

the right of action for such breach accrues to the aggrieved party forthwith, and he is not compelled to wait until their actual accrual before instituting suit to recover prospective damages. Especially is this the rule in a case of this character wherein plaintiff seeks recovery of damages the amount of which can be definitely ascertained because they are stipulated. 13 C. J. p. 651; *Platt* v. *Brand,* 26 Mich. 173. See, also, *Thompson* v. *Ellsworth,* 39 Mich. 719, from which we quote the syllabus:

"Damages for tort may cover all losses to the commencement of suit; and where they are certain to follow and can be fairly estimated, injuries that have not yet accrued may be properly included. All damages arising from one cause of action must be assessed and recovered once for all, and do not renew the cause of action as they mature."

It may also be noted that the instant contract expressly provides: "In other respects, damage sustained by either party in case of breach shall be proven in the manner provided by law." The amendment which plaintiff was permitted to make to its pleading at the time the cause was transferred to the law side of the court was proper.

Decision of the lower court is affirmed, with costs to appellee.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.