BINKLEY v. ASIRE.

1. APPEAL AND ERROR—FINDINGS OF FACT—PARTIAL VACATION OF PLAT.

Findings of fact by trial judge that streets, alleys and park in a plat were impassable for traffic and had been so used by the public in a way highly objectionable from the standpoint of the public interest and of the rights of other parties residing in the plat or owning property therein and that defendants had not presented any reasonable objection to altering the plat in such manner as to vacate the park *held,* supported by proofs (CL 1948, § 560.62).

2. DEDICATION—ACCEPTANCE.

Streets and alleys involved in proceedings to vacate part of a plat which had been dedicated *held,* not to have been accepted by public authorities either formally, by expenditure of public moneys, or by user.

3. QUIETING TITLE—PARTIAL VACATION OF PLAT—OPENING STATEMENT.

Statement by trial court, made prior to introduction of proofs that case should proceed on theory that a decree was sought quieting title to lands with incidental relief affecting plat as to which plaintiffs sought partial vacation of streets, alleys and a park on which they were abutting owners *held,* not to have precluded court from holding that relief to which plaintiffs were entitled, as established by the proofs, could not be granted except under the plat act (CL 1948, § 560.1 *et seq.*).

4. MUNICIPAL CORPORATIONS — PLATS — VACATION — JURISDICTION — STATUTES.

A court's authority to entertain proceedings to vacate a plat is conferred by statute in terminology implying that the proceeding is of a special character and as such is to be regarded as exclusively an action at law (CL 1948, § 560.1 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[2] As to acceptance of dedication, see 16 Am Jur, Dedication § 30 *et seq.*
[3–5] Generally as to vacation of streets, see 25 Am Jur, Highways § 117 *et seq.*
[6] 50 Am Jur, Statutes §§ 303, 358.

5. CERTIORARI—VACATION OF PLATS.

Certiorari is the proper remedy to review the decision of the lower court in proceedings to vacate a plat (CL 1948, § 560.1 et seq.).

6. STATUTES—INTENT.

The legislative intent must be derived from a consideration of all the provisions of a statute and the purpose sought to be accomplished by it.

7. MUNICIPAL CORPORATIONS — PLATS — VACATION — JURISDICTION — CONSTRUCTION OF STATUTES.

The absence of appropriate language in the plat act investing the equity court with jurisdiction to vacate, alter, amend or revise a plat indicates an absence of intent that such court have jurisdiction to do so (CL 1948, § 560.1 et seq.).

8. APPEAL AND ERROR—TRANSFER OF CAUSES—VACATION OF PLAT— PLEADINGS—EVIDENCE.

Authority for either party to move to transfer cause from equity to law side of court after which trial court may enter an order in conformity with the provisions of the plat act and the facts as determined from the proofs is granted by Supreme Court, where pleadings and proofs were such as to try controversy as to vacation of plat on merits but court ostensibly sat as a court of equity, there being no deprivation of any right or privilege of any party to the case by such erroneous exercise of equitable jurisdiction (CL 1948, § 560.1 et seq.; § 611.2).

9. SAME—TRANSFER OF CAUSES—COURT RULES.

Authority to transfer a cause from the equity to the law side of the court is consonant with court rule authorizing Supreme Court to grant miscellaneous relief which could and should have been granted by the trial court (CL 1948, § 611.2; Court Rule No 72 [1945]).

10. COSTS—TRANSFER FROM EQUITY TO LAW SIDE OF COURT.

No costs are allowed, where final disposition of cause is by way of remand to trial court for transfer from equity to law side of court or dismissal of bill (CL 1948, § 611.2; Court Rule No 72 [1945]).

Appeal from Cass; Mosier (Carl D.), J. Submitted October 14, 1952. (Docket No. 69, Calendar No. 45,550.) Decided December 9, 1952.

Bill by Luther F. Binkley and wife against Jack B. Asire and others to vacate portion of plat. Decree for plaintiffs. Defendant Township of Porter appeals. Reversed and remanded for transfer to law side of court if either party desires or dismissal if no request for transfer is made.

*Jones & Theiss,* for plaintiffs.

*James & Hoff,* for defendant Township of Porter.

CARR, J.   During the year 1925 the owners of certain land in Porter township, Cass county, platted the property under the name of Woodland Cove. The proceeding taken was in accordance with statutory provisions then in effect. No question is presented here as to the execution of the plat or its approval by local and State authorities. A parcel of land therein was designated as Doane Park and it, as well as streets and alleys shown on the plat, was dedicated to the use of the public.

Lots were sold to different parties and some buildings have been erected. No action by any municipal authority was taken with reference to Doane Park. The property embraced within its limits as shown on the plat, and apparently adjacent property as well, had been used by members of the public for recreational purposes prior to the approval of the plat in November, 1925. Presumably this use was with the consent, or acquiescence, of the then owners. Such use has continued since 1925, without any attempt on the part of the township or the county to regulate it in the public interest.

The plaintiff Luther F. Binkley is the owner of a number of lots in the plat and claims to have acquired by conveyances to him the rights of prior owners. In 1941 the widow and heirs at law of Frank R. Doane gave him a quitclaim deed of all their right, title and

interest, which recitals in the conveyance indicated Mr. Doane had held under a land purchase agreement and a partnership agreement between him and others. In November, 1949, plaintiff Luther F. Binkley acquired under circuit court commissioners' deeds the interest of the partnership to certain unplatted lands and to certain designated lots in Woodland Cove.. The conveyance of a portion of the lots, namely, 36 to 71 inclusive, expressly included rights of reversion, if any, in Doane Park.

The instant proceeding was started by plaintiffs Binkley, in January, 1951. They alleged in a petition filed in the circuit court in equity their interest in land within the plat, asserted that certain designated lots could be made more useful and convenient if the plat was vacated and revised as to them, that streets and alleys sought to be vacated had never been used by the public, that the dedication of Doane Park had not been accepted, and that the members of the township board had expressed unwillingness to accept responsibility in connection with it. The petitioners asked that the plat be vacated in part, and amended or revised with reference to the streets, alleys, and lots specifically referred to, that the land embraced within such streets and alleys and within Doane Park should be decreed to be the property of owners of abutting lots, and that plaintiffs be decreed to be the owners in fee simple to such lands adjoining lots owned by plaintiff Luther F. Binkley. A prayer for general equitable relief was also included.

The board of county road commissioners of Cass county and the township of Porter were joined as defendants in the proceeding with the owners of lots in the plat. Subsequently, on stipulation of the parties, the board of supervisors of the county was added as a party defendant. An answer to the petition was filed by the defendant county boards. The township of Porter was defaulted but the default was set

aside, and it adopted the answer previously filed. Some of the individual lot owners sought permission to intervene as parties plaintiff, asking that the relief sought by plaintiffs Binkley be granted. The owners of other lots filed an answer to the petition consenting to the granting of relief.

By appropriate motions and objections, counsel representing the township, the board of supervisors, and the board of county road commissioners in the proceedings in circuit court, questioned the jurisdiction of equity to entertain the petition. It was the position of counsel for plaintiffs that the proceeding was one to quiet title and also to obtain relief under statutory provisions relating to vacating, altering and revising plats. Based on the arguments of counsel representing the respective parties, the circuit judge concluded that the trial should proceed on the theory that a decree was sought quieting title to land with incidental relief affecting the plat.

Following the introduction of proofs, the trial judge, as appears from the opinion that he filed in the cause, came to the conclusion that the proceeding was not in fact one to quiet title but, rather, for the vacating, amending and revising of the plat, calling attention to the fact that he had authority to transfer the case to the law side of the court (CL 1948, § 611.2 [Stat Ann § 27.652]). However, based on the language of the statute relating to the power of the court to vacate or alter plats, he expressed the opinion that such a proceeding may be maintained in equity. He found from the proofs before him that the streets and alleys sought to be vacated had never been used for highway purposes, that they were in fact impassable for traffic, and that there was no reasonable objection to their being vacated. With reference to Doane Park he found that it, and property adjacent to it which was in the same condition as the park itself, had been used by various members

of the public, sometimes with the permission of plaintiffs Binkley and on other occasions without such permission, that the conduct of parties so using the property, particularly in recent years, was highly objectionable from the standpoint of the public interest and of the rights of other parties residing in the plat or owning property therein, and that under the circumstances the defendants had not presented any reasonable objection to altering the plat in such manner as to vacate the park.

A consideration of the record brings us to the conclusion that the factual findings of the trial judge were supported by the proofs. No claim is made that either township or county authorities assumed any measure of control whatsoever with reference to the property embraced within the limits of Doane Park. Plaintiff Luther F. Binkley sought assistance in his efforts to remedy the conditions that had grown up because of the misuse of the property, but without results. On one occasion, in discussing the matter with the members of the township board, he was given an assurance of cooperation if he brought proceedings to have the plat vacated in part. Insofar as the streets and alleys here involved are concerned, it does not appear that there is any controversy. No claim is made that they were accepted by public authorities. See Chapman v. City of Sault Ste. Marie, 146 Mich 23, 29. No public money has ever been expended on those that plaintiffs seek to have vacated. It is undisputed that they are and have been since the dedication of the plat impassable because of brush and trees. There is no question of user involved as to such streets and alleys.

In accordance with the findings and conclusions set forth in his opinion, the trial judge entered a decree vacating, revising and altering the plat in accordance with the prayer of plaintiffs' petition. From such decree the township of Porter has ap-

pealed, claiming that the court was in error in holding that equity had jurisdiction to alter, vacate or amend the plat, and in finding that there had been no acceptance of the dedication to the public of the streets and alleys in Woodland Cove. It is also contended that the trial court was in error in vacating the plat as to Doane Park. It is insisted in this respect that the use made of the property by certain members of the public amounted to an acceptance of the offer of dedication. The proofs disclose that the limits of the park were not marked in any way and that adjacent property was also used.

We think it must be said that the character of the user, as shown by the proofs in the case, cannot be presumed to have been within the contemplation of the owners of the property at the time of the dedication in 1925. It is also significant that the public authorities of the county and the township declined to exercise any jurisdiction over the park. Apparently the view was taken that the problem was one belonging to the plaintiffs. Under the facts established by the proofs in the case, we think that the plaintiffs presented satisfactory evidence of the giving of notice as prescribed by the statute, and that there was "no reasonable objection" to making the alteration and partial vacation of the plat sought. CL 1948, § 560.62 (Stat Ann 1951 Cum Supp § 26.492).

The further contention that the trial judge was precluded from considering the proceeding other than as a suit to quiet title to land because of the statement made prior to the introduction of proofs that it would be considered as such is without merit. The issues in the case were fairly and fully presented by the pleadings, which were somewhat general in their averments. No claim is made by appellant that it was restricted in any way in the offering of evidence. A consideration of the testimony indicates

that the matter was actually tried with reference to the issue of plaintiffs' right to relief under the present plat act (CL 1948, § 560.1 *et seq.* [Stat Ann and Stat Ann 1951 Cum Supp § 26.431 *et seq.*]). The court was not precluded because of the statement on which appellant relies from holding that the relief to which plaintiffs were entitled, as established by the proofs, could not be granted except under the plat act.

This brings us to the question whether equity, under the factual situation here involved, has jurisdiction to entertain a petition for the vacating, altering, amending, or revising of a plat. The governing statute, above cited, vests such authority in the circuit court, the terminology implying that the proceeding is of a special character and as such is to be regarded as an action at law. Such has been the interpretation placed on it. In the case of *In re Brewer*, 250 Mich 450, it was held that:

"Certiorari is the proper remedy to review the decision of the lower court."

It was further pointed out that, in the absence of statutory provision therefor, there was no right of review by writ of error or by appeal. See, also, *In re Petition of Bryant*, 323 Mich 424, and prior decisions there cited. If the method of review indicated is exclusive, it is necessarily implied that the proceeding is to be regarded as a law action.

There is no provision in the statute specifying that a party desiring to obtain relief by way of the vacating, altering, amending, or revising of a plat may invoke the aid of equity. As pointed out by counsel for plaintiffs in their brief, the word "decree" is used in one section. Elsewhere the term "order" is employed. However, the use of either term is not conclusive. The legislative intent must be determined from a consideration of all the provisions of the act

and the purpose sought to be accomplished by it. Had it been intended to invest equity with jurisdiction, we have no doubt that appropriate language to that end would have been used. The fact that this was not done indicates the absence of any such intent. The prior decisions of this Court clearly recognize such a proceeding under the plat act as an action at law of special character.

The situation presented is an unusual one. No claim is made that the petition filed by the plaintiffs was not in proper form to obtain the granting of appropriate relief under the plat act, above cited. As before noted, the pleadings fairly presented the issues for determination. Proofs were introduced by the respective parties accordingly, and without limitation or restriction. The practical result is that there has been a trial of the controversy on the merits. The fact that the trial judge was ostensibly sitting as a court of equity did not operate to deprive appellant, or any other party to the case, of any substantial right or privilege. At the conclusion of the proofs either the plaintiffs or the defendants might properly have submitted a motion for transfer to the law side of the court for the entry of such order as the court might find justified by the facts. The authority to make such transfer is not open to question under the provisions of the statute hereinbefore cited. See *Koontz* v. *Bay Circuit Judge,* 224 Mich 463; *White Star Refining Co.* v. *Evans,* 269 Mich 636.

The decree from which the appeal has been taken is based on the assumption that equity has jurisdiction in the premises. For the reasons above indicated, we cannot agree with that theory. An order will accordingly enter setting aside the decree. However, because of the situation presented and particularly in view of the fact that the meritorious issues have been fully tried, the cause will be remanded to the circuit court with directions to transfer to the

law side if plaintiffs, or the defendants, so desire and shall so move within a period of 30 days from and after the remand. Following such transfer the court may enter an order in conformity with the provisions of the statute and the facts as determined from the proofs. If no motion for transfer is submitted by either party within the time specified, the trial court will enter an order dismissing the case. Such method of procedure is, we think, consonant with the provisions of Court Rule No 72 (1945). See, also, *Youngs* v. *West,* 317 Mich 538.

An order will enter in accordance with the foregoing opinion. No costs are allowed.

ADAMS, C. J., and DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.