SROKA v STATE TREASURER

Docket No. 93249. Submitted October 8, 1987, at Lansing. Decided April 12, 1988.

Ronald and Sandra Sroka brought an action in the Hillsdale Circuit Court against the Michigan State Treasurer and Department of Commerce, and others, to revise the plat of a certain subdivision by altering the legal description of plaintiffs' lot. The trial court, Harvey W. Moes, J., issued a judgment and order altering the legal description of plaintiffs' lot but excusing plaintiffs from preparing a new plat reflective of this change. The Department of Commerce, the successor in interest to the State Treasurer, appealed.

The Court of Appeals *held:*

The circuit court erred in not ordering the preparation of a new plat as required under the Subdivision Control Act. The new plat is required even when the change is only "minor."

Reversed and remanded.

1. BOUNDARIES — SUBDIVISIONS — PLATS — REVISED PLATS.

A new plat must be made whenever a plat is revised in whole or in part by a circuit court order; the circuit court has discretion to determine whether the new plat is to be prepared for a part of or for the entire subdivision (MCL 560.229[1]; MSA 26.430[229][1]).

2. BOUNDARIES — SUBDIVISIONS — PLATS — REVISED PLATS.

A survey and plat must be made when any amendment, correction, alteration or revision of a recorded plat is ordered by a circuit court (MCL 560.103[3]; MSA 26.430[103][3]).

*Michael E. Nye,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas J. Emery*

REFERENCES

Am Jur 2d, Zoning and Planning §§ 163 *et seq.*

Validity and construction of regulations as to subdivision maps or plats. 11 ALR2d 524.

and *Gary L. Hicks,* Assistant Attorneys General, for the Department of Commerce.

Before: J. B. SULLIVAN, P.J., and H. HOOD and M. E. CLEMENTS,* JJ.

PER CURIAM. Defendant Michigan Department of Commerce, the successor in interest to defendant State Treasurer, appeals as of right from a judgment of the Hillsdale Circuit Court altering the legal description of plaintiffs' lot, but excusing plaintiffs from preparing a new plat reflective of this change. Defendant argues only that the circuit court erred in not ordering the preparation of the new plat as required under § 229(1) of the Subdivision Control Act, MCL 560.229(1); MSA 26.430(229)(1). We agree.

Section 229(1) provides:

> If the court orders a plat to be vacated, corrected, or revised in whole or in part, the court shall also direct plaintiff to prepare, in the form required by this act for a final plat, either a new plat of the part of the subdivision affected by the judgment or a new plat of the entire subdivision if the court's judgment affects a major part of the subdivision.

"If the language of the statute is clear, it is assumed that the Legislature intended the plainly expressed meaning, and the statute must be enforced as written." *Bailey v DAIIE,* 143 Mich App 223, 225; 371 NW2d 917 (1985). Section 229(1) clearly calls for a new plat whenever the old plat is revised "in whole or in part" by a circuit court order. Plaintiffs' contention that this mandate is inapplicable when the change is only "minor" conflicts with the specific language of § 229(1). The

---

* Circuit judge, sitting on the Court of Appeals by assignment.

only discretion given the court is the determination whether the plat is to be prepared for a "part of" or for the "entire" subdivision. To read the statute otherwise would conflict with the policy expressed in § 103(3) of the act, which requires that a "survey and plat shall be made when any amendment, correction, alteration or revision of a recorded plat is ordered by a circuit court." MCL 560.103(3); MSA 26.430(103)(3).

The judgment of the circuit court is reversed and this case is remanded for entry of the appropriate order.