**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

FILED MARCH 31, 2004

ROBERT MARTIN and CATHY MARTIN,

    Plaintiffs-Appellee,

v                                      No. 120932

DAVID A. BELDEAN, LISA A.
BELDEAN, CAROL ANN ROOTA, JAMES
R. STEFFAN, KATHRYN E. STEFFAN,
LOIS HALL also known as LOIS A.
HALL, DON M. PROCTOR, Trustee,
ROBERT P. CRAFT, LINDA M. CRAFT,
DAVID A. KAMULSKI, DONALD E.
NELSON, SHIRLEY M. NELSON, PETER
R. CAVAN, KATHY A. DEGASPERIS,
WILLIAM E. STANISCI, TERESA M.
STANISCI, MILTON R. BRITTAIN,
KATHLEEN M. BRITTAIN, JEFFREY M.
WOOLLARD, LYNNE M. WOOLLARD,
TERRY M. WEIR, CHRISTINE M. WEIR,
RODGER D. HALL, ERSA M. HALL,
RODGER O. PLATZ, SANDRA PLATZ,
JOHN E. KARGETTA, JANET B.
KARGETTA, EDNA SMITH, BARTON J.
HODGE, and SUZAN K. HODGE,

    Defendants,

and

JOHN R. REDMOND, BARBARA E. REDMOND,
EDWARD DAVIES, KAREN A. DAVIES,
SAMUEL D. BRANDT, and LOIS A. BRANDT,

     Defendants-Appellants,
_____

BEFORE THE ENTIRE BENCH

TAYLOR, J.

We granted leave to appeal in this case to consider the Court of Appeals holding that a private dedication of an outlot[1] in a subdivision plat[2] recorded in November 1969 is not recognized by Michigan law. We hold that private dedications in plats filed after the effective date of MCL 560.253(1), January 1, 1968, are expressly recognized and allowed under Michigan law.[3]

We further hold that the exclusive means available when seeking to vacate, correct, or revise a dedication in a recorded plat is a lawsuit filed pursuant to MCL 560.221 through 560.229.

_____

[1] MCL 560.102(n) states that an "outlot" is "a lot set aside for purposes other than a development site, park, or other land dedicated to public use or reserved to private use."

[2] MCL 560.102(a) provides that "plat" means "a map or chart of a subdivision of land."

[3] We address private dedications in subdivision plats filed before MCL 560.253(1) became effective on January 1, 1968, in *Little v Hirschman*, 469 Mich ___; ___ NW2d ___ (2004), which was argued with this case and will be released with this opinion.

2

Accordingly, we reverse the judgments of the Court of Appeals and the trial court.

## Introduction

In the earliest days of this state, indeed, even before statehood,[4] in order to allow townships[5] to be subdivided into discrete areas containing, for example, residential lots, dedicated[6] streets, alleys, parks, etc., plat legislation was enacted. After Michigan became a state in 1837 there were numerous statutes amending and revising the requirements for recording and changing plats over the years. Further, in 1873 Michigan began centrally maintaining a file of all plats with the State Treasurer so that interested individuals could inspect them and

---

[4] The earliest statute was enacted in 1821. The territorial act of March 12, 1821, governing town plats, provided that when made, acknowledged, and recorded in accordance with the statute, they "shall be deemed a sufficient conveyance, to vest the fee of such parcels of land as are therein expressed, named or intended to be for public uses, in the county in which such town lies, in trust to and for the uses and purposes therein named, expressed or intended, and for no other use or purpose whatever." 1 Terr Laws, town plat act, 816-817 § 2.

[5] Townships were established by Congress under the Articles of Confederation in the Ordinance of 1785.

[6] Traditionally a dedication was understood to be "an appropriation of land to some public use, accepted for such use by or in behalf of the public . . . ." *Clark v Grand Rapids,* 334 Mich 646, 656-657; 55 NW2d 137 (1952). Two types of dedications have been specifically recognized: statutory dedication and common-law dedication. *Alton v Meeuwenberg*, 108 Mich 629; 66 NW 571 (1896).

3

ascertain the rights and limitations of a given plat.[7]  That practice has continued to this day with over 66,000 subdivision plats on file that may be reviewed on a website maintained by the Department of Labor and Economic Growth.[8]

At issue in this case is whether a plat that was recorded in 1969 may contain dedications only to the public, or whether private dedications to an individual or to individuals may also be included and be effective.  To answer this, we must construe MCL 560.253(1), which was enacted as part of 1967 PA 288.  The Court of Appeals determined that this statute does not allow private dedications.  Yet, as explained below, because the statute expressly allows private dedications, we must disagree and, accordingly, we reverse the holding of the Court of Appeals.

Facts and Proceedings Below

In November 1969, developers of a subdivision in Oxford Township in Oakland County recorded the Tan Lake Shores Subdivision Plat.  The plat divided the subdivision into twenty-one lots and three outlots.  In a paragraph

---

[7] The current such statute, MCL 560.242, requires the State Treasurer to maintain a permanent file of plats and requires an index that contains all pertinent information necessary to facilitate reference.  Similarly, MCL 560.243(1) requires the Register of Deeds to maintain a permanent file of recorded plats.

[8] <http://www.dleg.state.mi.us/platmaps/sr_subs.asp>.

4

entitled "Dedication" the plat states in part that "Outlot A is reserved for the use of the lot owners . . . ."

Plaintiffs and their predecessors in interest purchased lot 21 and the northerly part of adjoining outlot A in tandem pursuant to various deeds dating back to 1967.[9] When they applied for a permit to build a home on lot 21 and the part of outlot A mentioned in their deed, they learned that the subdivision plat had dedicated outlot A for the use of the lot owners.

Plaintiffs filed a lawsuit seeking to have the plat language "[o]utlot A is reserved for the use of the lot owners" removed, or declared null and void.[10] Defendants responded by arguing that the reservation of outlot A

---

[9] At least one deed was dated before the filing of the plat and at least one after the filing of the plat.

[10] Plaintiffs' complaint concluded as follows:

22. As to the subject portion of Outlot A, the words or reservation, limitation and/or dedication expressed in the plat dated November 28, 1969 or as otherwise stated or expressed should therefore be ruled null and void or otherwise inapplicable.

WHEREFORE, your Plaintiffs pray that this Honorable Court:

A. Enter an Order removing the above cited restrictions/reservations from the subject portion of Outlot A owned by the Plaintiffs and/or declaring same null and void.

B. Afford such other legal or equitable relief as deemed appropriate.

constituted a valid statutory dedication of the lot for the use of the other lot owners in the subdivision pursuant to MCL 560.253(1) of the Land Division Act (LDA), MCL 560.101 through 560.293 (previously known as the Subdivision Control Act).

The trial court granted summary disposition for plaintiffs, revised the plat language as requested, and granted plaintiffs the exclusive right to the part of outlot A described in their deed.[11]

Several of the other lot owners in the subdivision appealed the trial court's order. The Court of Appeals affirmed on different grounds.[12] It held that as a matter of law MCL 560.253(1) did not recognize private dedications.

---

[11] The trial court's final order revised the plat as follows:

> IT IS HEREBY ORDERED that certain language contained in the dedication of the Plat to Tan Lakes Subdivision [sic], Oxford Township, Oakland County, Michigan, as recorded in Liber 129, pages 29-30, to wit:
>
> "OUTLOT A is reserved to the use of the lot owners"
>
> is found to be inapplicable to the portion of Outlot A hereinafter described and that the owners of Lot 21 of Tan Lakes Subdivision [sic] shall hereinafter have the exclusive right and use of the portion of Outlot A described as follows:
>
> [legal description]

[12] 248 Mich App 59; 638 NW2d 142 (2001).

6

We granted defendants' application for leave to appeal, ordering that the case be argued and submitted with *Little v Hirschman*.[13]

## Standard of Review

Whether the Land Division Act recognizes private dedications is a question of law that we review de novo. *Roberts v* Mecosta *Co Gen Hosp*, 466 Mich 57, 62; 642 NW2d 663 (2002). Similarly, we review decisions on summary disposition motions de novo. *First Pub Corp v Parfet*, 468 Mich 101, 104; 658 NW2d 477 (2003). In resolving an issue of statutory interpretation, our primary aim is to effect the intent of the Legislature. We first examine the language of the statute and if it "is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written." *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001).

## Analysis

The Land Division Act (1967 PA 288) became effective on January 1, 1968. Because the Tan Lake Shores *Subdivision* Plat was recorded in late 1969,[14] it is

---

[13] 468 Mich 868 (2003), see also n 3.

[14] We note that the plat was approved by various governmental entities at different times. For example, the plat was approved by the Oakland County Road Commission on

controlled by this act.  Concerning dedications, § 253(1)

of the LDA states:

> When a plat is certified, signed, acknowledged and recorded as prescribed in this act, *every dedication, gift or grant to the public or any person, society or corporation* marked or noted as such on the plat shall be deemed sufficient conveyance to vest the fee simple of all parcels of land so marked and noted, and shall be considered a general warranty against the donors, their heirs and assigns to the donees for their use for the purposes therein expressed and no other.  [MCL 560.253(1)(emphasis added).]

As the emphasized language makes clear, this statute

allows *dedications*, gifts, and grants to the public, as

---

December 5, 1969, the Oxford Township Board on December 10, 1969, the Oakland County Plat Board on December 17, 1969, and the final approval from the State Treasurer was made in March of 1970.

MCL 560.291, as amended by 1969 PA 308, effective August 14, 1969, provides:

> Any preliminary or final plat which on January 1, 1968, has been approved by the municipality or county road commission may be processed under the law in effect at the time of approval, but not after January 1, 1970, after which time all plats submitted for approval shall comply with the requirements of this act.

Pursuant to this statute, the plat needed to be approved as being consistent with the requirements of the Land Division Act, 1967 PA 288.  But, the approval by the Oakland County Plat Board and the State Treasurer improperly indicated the plat complied with the 1929 Plat Act (1929 PA 172) rather than 1967 PA 288.  This discrepancy does not appear significant, however, because it apparently was a mere oversight and no one has argued that this discrepancy is of any consequence.

8

well as dedications, gifts, and grants to any person, society, or corporation when the dedication, gift, or grant is so marked and noted in the plat. Because a person is always private and a society or corporation may be, the statute clearly authorizes private dedications.[15] Reinforcing the proposition that private dedications are allowed is the fact that two other statutes in the LDA, MCL 560.202(1)[16] and MCL 560.204(1),[17] require that if there are

---

[15] Although the Court of Appeals recognized that the Legislature expanded the scope of permitted conveyances in the 1967 revisions to the Land Division Act, it inexplicably said it was construing the term "dedication" in accordance with its meaning set forth in well-established case law. *Martin v* Redmond, 248 Mich App 59, 68; 638 NW2d 142 (2001). The Court of Appeals apparently did not stop to consider that the 1967 statute might have authorized private dedications, even if its conclusion that the earlier case law did not allow private dedications were correct. We address the Court of Appeals explication of the prior case law in our opinion in *Little v Hirschman*, issued concurrently*.

[16] MCL 560.202(1) provides:

The plat shall be called an assessor's plat and given a name. It shall plainly define the boundary of each parcel, each street, alley or road and *dedication to public or private use*, as such, shall be evidenced by the records of the register of deeds. [Emphasis added.]

[17] MCL 560.204(1) provides:

The surveyor making the plat shall survey and lay out the boundaries of each parcel, street, alley or road and *dedication to public or private use*, according to the records of the register of deeds and whatever other evidence that may be available to show the intent of the buyer and seller, in the chronological order of their conveyance or dedication. [Emphasis added.]

9

private dedications they shall be noted on the plat. This of course must mean that the Legislature expected that there could be private dedications. Further, pursuant to MCL 560.253(1), a private dedication is deemed a sufficient conveyance to vest the fee simple of all land so marked and noted.[18]

Given the express authorization for private dedications, gifts, and grants in MCL 560.253(1), and the mention of dedications for private use in MCL 560.202(1) and MCL 560.204(1), and given that MCL 560.253(1) authorizes private dedications when marked and noted as a dedication in the plat, we conclude that the statement in the plat, located under the paragraph entitled "Dedication," that outlot A is "reserved for the use of the lot owners" was marked and noted as a "dedication" and thus constitutes a private dedication that conveyed a fee simple[19] to the donees. Hence, we conclude that the private

_____

[18] As we explain in *Little*, a private dedication made before 1967 PA 288 took effect conveyed an irrevocable easement, whereas MCL 560.253(1) now indicates that a private dedication conveys a fee interest subject to the explanation set forth in n 19.

[19] We note that the granting of a fee simple is qualified by the language at the end of MCL 560.253(1) that indicates the dedication, gift, or grant is to the donees "for their use for the purposes therein expressed and no other." We take this to mean that the lot purchasers are owners of outlot A, but that they may only use it as an outlot and not for some other purpose. The statute's reference to "for their use" is entirely consistent with

10

dedication of outlot A was drafted in conformity with, and was expressly permitted by, the Land Division Act.  The Court of Appeals committed error requiring reversal when it concluded otherwise.[20]

---

the dedicatory language that outlot A is reserved "for the use of the lot owners."

Moreover, plaintiffs argue that the dedication in the plat failed because it was not "accepted" before it was withdrawn.  MCL 560.255b(1) provides that land dedicated to the public is presumed to have been accepted on behalf of the public by the applicable municipality ten years after the plat is first recorded.  But, the Land Division Act makes no mention of "acceptance" with reference to private dedications.  We believe this is the case because a land owner "accepts," as it were, any private dedication in a plat when property is purchased pursuant to a deed that references the plat.  That is, purchasers of parcels of property conveyed with reference to a recorded plat have the right to rely on the plat reference and are presumed to "accept" the benefits and any liabilities that may be associated with the private dedication.

[20] Plaintiffs have argued that the dedication of outlot A expired twenty-five years after the dedication because deed restrictions executed in 1969, at the same time the plat was recorded, stated in pertinent part:

> 17. All restrictions, conditions, covenants, charges, easements, agreements and rights herein contained shall continue for a period of twenty-five years from date of recording this instrument.

We disagree with plaintiffs.  Nothing in the plat itself restricts any of its dedications to a twenty-five year period.  Moreover, the deed restriction expressly uses the  phrase "herein contained," which means paragraph 17 applies to the restrictions found in the deed restriction document itself and not something contained in a different document, i.e., the plat.

11

Further, we agree with defendants that plaintiffs, who ultimately were seeking to have the plat conveyance of outlot A declared "null and void" were required to file their claim under MCL 560.221 *et seq.*[21] Allowing this action to proceed as one to quiet title is contrary to the statutes, which not only outline the specific procedures[22] to be followed and what must be pleaded,[23] but also require

---

[21] MCL 560.221 provides:

> The circuit court may, as provided in sections 222 to 229 vacate, correct, or revise all or part of a recorded plat.

Accord *Hall v Hanson*, 255 Mich App 271, 286; 664 NW2d 796 (2003) (because the defendants sought to vacate or otherwise alter the plats dedicating the boulevard to the public, they should have brought their countercomplaint pursuant to the Land Division Act). Correspondingly, if a party merely wants to maintain the status quo, e.g., be declared an owner or someone with use rights under a plat, such party would not be seeking to vacate, correct, or revise the plat and thus would not be limited to filing a lawsuit pursuant to the LDA.

[22] MCL 560.222 provides:

> To vacate, correct, or revise a recorded plat or any part of it, a complaint shall be filed in the circuit court by the owner of a lot in the subdivision, a person of record claiming under the owner or the governing body of the municipality in which the subdivision covered by the plat is located.

[23] MCL 560.223 provides:

> The complaint shall set forth:
>
> (a) The part or parts, if any, sought to be vacated and any other correction or revision of the plat sought by the plaintiff.

12

that an extensive group of parties be served, including everyone owning property located within three hundred feet of the lands described in the petition, the municipality, the State Treasurer, the drain commissioner, the county road commissioners, affected pubic utilities, and, in certain instances, the directors of the Department of Transportation and the Department of Natural Resources. MCL 560.224a(1). Thus, because plaintiffs were attempting to vacate, correct, or revise the plat, we find that the trial court erred when it allowed this case to proceed as a quiet title cause of action.[24]

In holding in this fashion we are reaching the same conclusion that this Court did in *Binkley v Asire*, 335 Mich 89, 96-97; 55 NW2d 742 (1952), where we determined that an action to vacate, alter, amend, or revise a plat was properly filed in a court of law, as opposed to a court of

_____

(b) The plaintiff's reasons for seeking the vacation, correction, or revision.

[24] Requiring lawsuits seeking to correct, alter, or amend a plat to be filed only pursuant to MCL 560.221 through 560.229 ensures that plats on file remain accurate. The reason is that MCL 560.229 requires that a plaintiff who obtains a court order to vacate, correct, or amend a plat must obtain a new plat and have it filed with the State Treasurer. In this way, the plats on file remain accurate. See *Sroka v State Treasurer*, 169 Mich App 616; 426 NW2d 726 (1988).

equity, because such a proceeding under the plat act was an action at law of special character.[25]

While agreeing with this holding of the *Binkley* Court, we find a different remedy is required under the current statutes. The *Binkley* Court, in considering a remedy, declined to require the parties to try the case again even though it had not been filed under the proper statute. The Court concluded that the error did not "deprive appellant, or any other party to the case, of any substantial right or privilege." *Id.* at 97. We cannot agree that such is the case under the current statutes. MCL 560.224a requires certain fellow lot owners and affected utilities, as well as numerous governmental officials, to be made parties to a lawsuit to vacate, correct, or revise a plat. Here several of these necessary parties were not joined in the lawsuit and it is clear that they have a statutory right to participate fully in the lawsuit. Thus, if plaintiffs wish to proceed under the LDA (particularly MCL 560.221 through 560.229), they must amend their complaint on remand and add the necessary parties. The case may proceed as would any other ordinary case thereafter.

---

[25] *Binkley* was decided before jurisdiction over both equitable and legal claims was vested solely in one circuit court in 1963. See MCL 600.601; Const 1963, art 6, § 5.

14

## Conclusion

The judgment of the Court of Appeals is reversed because private dedications in plats recorded pursuant to the Land Division Act, i.e., dated after January 1, 1968, are recognized under Michigan law.

The judgment of the trial court is reversed because plaintiffs, in seeking to vacate, correct, or revise the plat, were required to file their lawsuit under the Land Division Act. The case is remanded to the trial court for further proceedings.

> Clifford W. Taylor
> Maura D. Corrigan
> Michael F. Cavanagh
> Elizabeth A. Weaver
> Marilyn Kelly
> Robert P. Young, Jr.
> Stephen J. Markman

15