## MINNIS *v.* JYLEEN.

1. INJUNCTION—PLEADING—INTERFERENCE WITH EXISTING ACCESS TO PROPERTY.

   Averments that plaintiffs were owners of lots in subdivision with access thereto that involves the use of public highway and private road abutting defendants' lots, which thoroughfares have been and are now being used for such purpose and that contemplated construction of curb by defendants on such thoroughfares would interfere with existing entrance and constitute a nuisance and would require great expense to provide another entrance averred sufficient facts, as distinguished from conclusions, to indicate a cause of action for injunctive relief.

2. SAME—INTERFERENCE WITH EXISTING ACCESS TO PROPERTY—ALTERNATE WAY—ESTOPPEL.

   Plaintiffs, owners of interior lots of subdivision existing access to which would be interfered with by defendants' proposed curb construction in intersection of subdivision's private drive with public highway, were not precluded from injunctive relief, where they had never abandoned use of the gravelled private drive as means of access to their lots and attempted alternate way not only encroached on lot of one of the plaintiffs but was left in an unsatisfactory condition and partially obstructed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3–6] 17 Am Jur, Easements § 153.
[1, 3–6] Proper remedy for interference with right of way.  47 ALR 552.

3. HIGHWAYS AND STREETS—PRIVATE EASEMENTS—PUBLIC OFFICERS. Township or county highway authorities are not charged with duty of protecting private easements.

4. INJUNCTION—ENCROACHMENT OF PRIVATE DRIVE—ADEQUACY OF REMEDY AT LAW.
   Owners of interior lots of subdivision are entitled to maintain suit to enjoin interference with existing means of access thereto by way of private drive and are not relegated to action at law to have public highway authorities compel removal of obstructions or encroachments thereon, since such authorities have no duty so to function with respect to private easements.

5. EASEMENTS—PLATS—DEDICATION—INTERFERENCE.
   Rights granted by way of private easements under dedicating clauses in a plat to owners of lots in a subdivision may not be infringed by one lot owner for his own convenience to the detriment of his fellow lot owners.

6. INJUNCTION—PREVENTION OF CONSTRUCTION INTERFERING WITH ACCESS TO PROPERTY.
   Plaintiff owners of interior lots of subdivision, who had easement rights in private driveway that connected with public highway at an intersection in which defendant proposed to erect a curb which would completely close plaintiffs' existing entrance to their lots, were entitled to injunctive relief before the construction was started, there being no doubt as to the effect of such construction upon the right of access.

Appeal from Oakland; Hartrick (George B.), J. Submitted April 18, 1952. (Docket No. 68, Calendar No. 45,208.) Decided May 16, 1952.

Bill by Ralph Minnis and others against Jack A. Jyleen and wife to restrain obstruction of easement of right-of-way. Decree for plaintiffs. Defendants appeal. Affirmed.

*Harry J. Merritt,* for plaintiffs.

*Estes & Cooney,* for defendants.

CARR, J.   The parties to this case are the owners of lots in Deer Lake Hills subdivision, located in Independence township, Oakland county.   The property therein was platted by the owners in 1926, the plat being recorded in the office of the register of deeds of the county on May 26th of that year.   It was specifically provided therein that streets and easements shown on the plat as public were dedicated to the use of the public while all other roads were dedicated to the use of the property owners in the subdivision.

The plaintiffs allege in their bill of complaint that by virtue of said plat they have easements in a private road known as Sagamore drive, the user of which is essential to enable them to reach their respective lots from a public highway designated on the plat as Clarkston road, and also referred to in the record as the Deer Lake road, now a part of the county road system.   Exhibits introduced in the case indicate that said public highway runs in an east and west direction, that it has a total width of 106 feet, that a portion thereof approximately 26 feet in width has been graveled, and that the north edge of the gravel is 48 feet immediately south of defendants' property line.   Sagamore drive approaches the Clarkston road from the northwest, intersecting it at an angle.   The roadway that has been, and now is, used by plaintiffs in said drive is graveled.

In 1947 defendants became the owners of lots 67 and 68 in said subdivision and at the time of the institution of the present suit owned, in addition to said lots, a portion of lot 66.   The record indicates that defendants' property abuts mainly on the public highway and to a limited extent on Sagamore drive. It further appears that the buildings on their property are so placed as to be on land 5 feet or more lower than the Clarkston road.   As a result defendants have been and now are confronted by a drain-

age problem. Desiring to protect their lots against the flow of water from the highway, and perhaps in part from Sagamore drive, defendants sought to construct an approach in the highway with a gutter, or concrete curbing, as a part of such construction, extending across the graveled road used for travel between said highway and Sagamore drive. Accordingly a permit from the board of county road commissioners was obtained granting to defendants the right to construct the so-called approach within the right-of-way of the Deer Lake road at the site of their property in said subdivision, subject to the condition that "concrete curbing shall be terminated at least 10 feet from the north edge of existing gravel road surface."

On learning of the contemplated construction plaintiffs started the instant suit for injunctive relief, claiming that the concrete gutter and curb contemplated by defendants would deprive plaintiffs of the existing entrance to their property on Sagamore drive, would constitute a nuisance as to them, and would put them to the expense of providing another entrance. Defendants by answer and motion to dismiss challenged the right of plaintiffs to the equitable relief sought. After listening to the proofs and viewing the premises the trial judge came to the conclusion that plaintiffs were entitled to an injunction against the proposed construction and entered a decree accordingly. Defendants have appealed.

On behalf of appellants it is argued that the bill of complaint does not set forth a cause of action cognizable in a court of equity. However, it appears from the pleading that the plaintiffs are the owners of lots in the subdivision in question, that access thereto involves the user of Clarkston road and Sagamore drive, and that said thoroughfares have been used in the past and are now being used for said purpose. It was further averred that defendants by

their contemplated construction were about to in-
terfere with the exercise by plaintiffs of their alleged
rights, and that such interference would constitute
a nuisance as to plaintiffs, and would deprive them
of the established entrance to their properties and
put them to great expense to provide another en-
trance. We think that the averments of fact set
forth, as distinguished from conclusions, are suffi-
cient to indicate plaintiffs' alleged cause of action.
Plaintiffs' rights, the threatened interference there-
with, and the anticipated results are averred with
reasonable clarity. The trial judge was correct in
refusing to dismiss the bill of complaint on the
ground of the insufficiency of factual allegations
therein.

It is further contended that relief should have
been denied on the ground that plaintiffs were guilty
of such inequitable conduct as to bar the issuance of
an injunction. It is not disputed by defendants that
plaintiffs own private easements in Sagamore drive
which they are entitled to use and enjoy. Neither
is it disputed that since the platting of the property
a portion of said drive has been used as a road be-
tween lots on the drive and the public highway to the
southeast, such portion being graveled. Approxi-
mately 1 1/2 years before the trial of the instant
case in circuit court an attempt was made to fur-
nish another way adapted for travel from the pub-
lic road to the drive and conversely. Apparently
a strip of land was plowed, said strip of land being
located in part in the public highway and in part in
Sagamore drive. It is claimed by plaintiffs, and the
proofs support such claim, that it encroached on lot
51 of the subdivision which was and is owned by
plaintiffs Jans. The record does not establish with
any degree of certainty the responsibility for the
attempt to open this alternate way. It appears that

some of the plaintiffs at least undertook to use it, but found it unsatisfactory.

No claim is made that the plaintiffs, or any of them, abandoned their right to use the roadway that had existed and had been used for at least 22 years. Plaintiffs assert that the new way of approach from the highway to Sagamore drive was left by its promoters in an unsatisfactory and uncompleted condition, and that the grade therein made it undesirable for use. Subsequently this proposed alternate way was blocked by plaintiff Paul A. Jans, who admitted on the trial that he had caused a tree that had been struck by lightning to be placed there and had also caused to be moved to said way logs that had been wrongfully put on his lot by the parties undertaking to open the way. Apparently plaintiff Jans undertook to indicate his nonacceptance of the proposed new way in the manner stated. Whether the other plaintiffs participated in his acts does not appear. Neither do they claim that they expressed any disapproval.

Insofar as plaintiff Jans is concerned, we think it must be said he was not bound to permit a part of his lot to be taken to furnish a connecting link between Clarkston road and Sagamore drive. It is equally true that the plaintiffs were not required to surrender rights in the established roadway and accept the proposed alternate way of access to their properties in the subdivision. It is not contended by appellants that plaintiffs interfered with the established way or with any rights of defendants or of others therein. Under the facts here presented the plaintiffs were not guilty of such conduct as precluded the granting to them of equitable relief.

Appellants argue that plaintiffs have an adequate remedy at law and for that reason are not entitled to maintain an action in equity. Such argument is apparently predicated on the right of public authorities

having supervision over a highway to institute proceedings to compel the removal of obstructions or encroachments thereon. In the instant case, however, the easements that plaintiffs seek to protect are in Sagamore drive which, as before noted, is a private road. No claim is made that township or county authorities are charged with any duty to protect private easements. In the instant case plaintiffs are clearly entitled to insist that they be permitted to continue the established user of Sagamore drive and that their means of egress therefrom to Clarkston road shall not be infringed. They are in consequence entitled to maintain their suit for the protection and enforcement of private rights in which the public is not concerned. See *Forbes* v. *City of Detroit,* 139 Mich 280; *1426 Woodward Avenue Corp.* v. *Wolff,* 312 Mich 352.

Appellants also insist that as abutting owners on the Clarkston road they have a legal right to a driveway approach to the traveled portion of said road, asserting in this connection that their proposed construction "does not unreasonably interfere with the public easement." It may be noted that there is no public easement involved in the present controversy. It is obvious, we think, that the construction of the approach as planned, which would entirely cross the gravel road that has been used for over 22 years as a method of travel between Sagamore drive and Clarkston road, would prevent the further use of such way, thereby depriving plaintiffs of rights that they at present enjoy and which have been exercised for the period of time indicated. The fact that another way may be established by plaintiffs does not bar them from seeking to protect the rights that they now have. Defendants' proposed construction would, if installed, constitute a substantial interference with the exercise by plaintiffs of their easements in Sagamore drive. *Berkey & Gay Furniture*

*Co.* v. *Valley City Milling Co.,* 194 Mich 234. The rights granted under the dedicatory clauses in the plat to the owners of lots in the subdivision may not be infringed by one lot owner for his own convenience to the detriment of his fellow lot owners.

Attention is directed by appellants to the fact that the interposition of equity is sought in advance of the construction that plaintiffs' claim will constitute a nuisance. They seek to invoke the frequently-recognized rule that where an injury is uncertain or contingent an injunction, or other equitable relief, will not be granted. Under such circumstances it has been recognized that the remedy should be withheld until such time as it may be made to appear by proper proofs that a nuisance injurious to the parties seeking relief has actually been created. *Foster* v. *County of Genesee,* 329 Mich 665. In the instant case, however, there is no chance for question as to the situation that will result in the event that defendants are permitted to construct the driveway approach as planned. In this connection the testimony of plaintiffs' witness Edwin C. Sage, a registered surveyor, is significant. In describing the situation the witness said in part, referring specifically to an exhibit that he had prepared:

"On the continuation of that line out of lot 67 I have indicated some survey stakes that were to be the curb that was to be built. I think Mr. Jyleen or somebody set them. That curb would completely close the traveled portion of Sagamore drive which as Mrs. Minnis testified has been in use 22 years, which would necessitate another entrance if they were going to get into Sagamore drive."

Under the record before us the conclusion cannot be avoided that defendants' proposed construction would wholly prevent the further use by plaintiffs of the present roadway from Sagamore drive to

Clarkston road. We are not here dealing with a situation in which the injury that plaintiffs seek to avert will be doubtful if defendants continue with their plans. The rule of equitable procedure to which appellants refer has no application. The situation presented is one calling for the granting of equitable relief. See *Hasselbring* v. *Koepke,* 263 Mich 466 (93 ALR 1170).

The decree of the trial court is affirmed, with costs to appellees.

NORTH, C. J., and DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.