**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED MARCH 31, 2004**

JAMES LITTLE, CHERYL LITTLE,
STEVEN RAMSBY, MARY KAVANAUGH,
STANLEY W. THOMAS, NANCY G.
THOMAS, MICHAEL McCLUSKEY, GLADYS
McCLUSKEY, and ANN SKOGLUND,

    Plaintiffs/Counter-
    Defendants/Appellants,

v                                  No. 121836

BETTY H. HIRSCHMAN,,

    Defendant/Counter-Plaintiff/
    Appellee,

and

GERALD W. CARRIER, SALLY ANN
CARRIER, JOHN P. VIAU, and
GENEVIEVE GUENTER VIAU,

    Defendants/Counter-Plaintiffs,

and

FRANCES J. VANANTWERP, ELIZABETH
VANANTWERP, MASON F. SHOUDER,
and JEAN ANN SHOUDER,

    Defendants.

_____

BEFORE THE ENTIRE BENCH

TAYLOR, J.

We granted leave to appeal in this case to consider whether a 1913 plat dedication of two parks "to the owners of the several lots" is valid. That is, is it enforceable by those in the chain of title from the original purchasers of the lots. The Court of Appeals held that it was not on the basis that private dedications are invalid. We disagree with the Court of Appeals and thus reverse its judgment and remand to that Court for further consideration.

FACTS AND PROCEEDINGS BELOW

This case involves a dispute regarding alleys and parks located within the Ye-qua-ga-mak subdivision in Inverness Township in Cheboygan County, where Mullet Lake and the Cheboygan River meet. The subdivision plat was filed in 1913 and reflects the presence of several streets and alleys and two parks (Lakeside Park and Riverside Park). The plat states that "the streets and alleys as shown on [the] plat are dedicated to the use of the public." Regarding the parks, the plat states that they are "dedicated to the owners of the several lots."

Betty Hirschman is the current owner of two waterfront lots numbered 46 and 47. Her property is bordered by

2

Riverside Park on the east, Lakeside Park on the south, and an alley that provides access to Lakeside Park on the west. Lakeside Park contains a beach area that abuts Mullet Lake, and Riverside Park is a grassy area that has been used by lot owners for fishing and walking. Dating back to at least the 1940s, which is as far back as anyone can now remember, the residents of the subdivision have used the alley between lots 47 and 48 for access to Lakeside Park and have used Lakeside Park itself for sunbathing, swimming, picnicking, and other beach-related activities.

In 1998, Hirschman and some other lot owners in the subdivision obtained a judgment against the Cheboygan County Road Commission vacating the rights of the public to use several of the alleys that provided back lot owners access to Lakeside Park. Having secured that ruling, they blocked the alley west of Hirschman's property.

Several back lot owners, claiming the right to use the alley because of the plat's public dedication of the alley and the right to use the parks because of the plat's private dedication, filed an action asking the circuit court to stop defendants from continuing to block access to Lakeside Park through the alley. Defendants filed an answer and counterclaim asserting that plaintiffs not only had no right of access to Lakeside Park through the vacated alleys, but also that the claimed private dedication of the

3

parks had failed because of nonacceptance by the lot owners.

After a two-day trial the court rendered its decision finding (1) plaintiffs were entitled to the use of the alleys for access to the beach and (2) plaintiffs had the right to reasonable use of the parks pursuant to the plat as lot owners.

Hirschman appealed as of right, arguing that the dedication of the parks to the owners of the several lots in the plat was an invalid dedication because the dedication was not directed to the public. The Court of Appeals, deferring to the earlier published *Martin v Redmond*, 248 Mich App 59; 638 NW2d 142 (2001),[1] vacated the trial court's holding that the lot owners had property rights in the parks pursuant to the dedication in the plat.[2]

---

[1] We reverse the Court of Appeals judgment in *Martin v Beldean,* 469 Mich __; __ NW2d __ (2004), which we also issue today. In *Martin,* the Court of Appeals had ruled that a 1969 plat with a purported private dedication of an outlot "for the use of the lot owners" was invalid because, in the panel's view, dedications could not now be, or ever in the past have been, private. We held that the Court of Appeals had misread MCL 560.253(1), which is part of 1967 PA 288, because it specifically authorized private dedications.

[2] *Little v Hirschman*, unpublished opinion per curiam, issued April 19, 2002 (Docket No. 227751). The Court of Appeals also held that plaintiffs, as lot owners in the plat, are entitled to the use of the alleys, even if the public dedication of the alleys had not been properly

4

The Court of Appeals in this case recognized that the *Martin* case involved a 1969 dedication that was controlled by the Land Division Act, MCL 560.101 *et seq.*, whereas the Court was considering a 1913 plat that was controlled by earlier statutes. But, because the *Martin* panel had earlier concluded that private dedications "before and after" the platting statutes were enacted were prohibited, the Court of Appeals followed that holding.

We granted plaintiffs' application for leave to appeal and ordered that the case be argued and submitted with *Martin*.[3]

STANDARD OF REVIEW

Whether a dedication of land for private use failed under the law governing the creation of plats is a question of law. We review de novo questions of law. *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991).

ANALYSIS

From statehood until 1925 our various plat acts authorized public dedications,[4] but did not specifically

___

accepted by the relevant public authority. That holding is not at issue in this appeal.

[3] 468 Mich 869 (2003).
[4] As we explain in *Martin*, a dedication was traditionally understood to be "an appropriation of land to some public use, accepted for such use by or in behalf of the public." *Martin,* 469 Mich ___, quoting *Clark v Grand*

5

refer to private dedications. Yet, during this era, without exception that has been brought to our attention or discovered by our research, plats with dedications to private individuals or groups were reviewed and approved by the Auditors General of this state,[5] and relied upon by purchasers and their successors.

Moreover, not only have the Auditors General considered this to be the law, but, also, the courts have recognized and enforced private dedications from this era. In *Schurtz v Wescott*, 286 Mich 691; 282 NW 870 (1938), this

---

*Rapids,* 334 Mich 646, 656-657; 55 NW2d 137 (1952). The law recognized two types of dedications: statutory dedications and common-law dedications. *Alton v Meeuwenberg*, 108 Mich 629; 66 NW 571 (1896). "The effect of a dedication under the statute has been to vest the fee in the county, in trust for the municipality intended to be benefited, whereas, at common law, the act of dedication created only an easement in the public." *Grandville v Jenison*, 84 Mich 54, 65; 47 NW 600 (1890).

[5] Our plat acts have required that proposed plats be reviewed and approved as being in conformity with the applicable plat act by government officials such as the Auditor General and, later, the State Treasurer. Once reviewed and approved for conformity with the applicable act, the plat was eligible for recording with the register of deeds and was considered "prima facie evidence" of the making and recording of such plat in conformity with the governing statute. 1839 PA 91 (1871 CL 1344, ch 32), see 1929 PA 172, p 430, as amended by 1873 PA 108, § 1, and 1885 PA 111, § 1; 1929 PA 172, § 70; 1967 PA 288, § 251, MCL 560.251. Our Court, in discussing statutes controlling the discharge of a public official's duties, has indicated it will give weight to such conclusions. As stated in *Wayne Co v Auditor General*, 250 Mich 227, 236; 229 NW 911 (1930), "Practical construction given to doubtful or obscure statutes by public officers, the discharge of whose duties are affected thereby, will be considered and given weight by courts in construing such laws."

Court considered an 1891 plat that, while it dedicated the streets to the public, was silent with regard to the designated parks. We found, with respect to the parks, that any lot owner had the right to the use of the parks. 286 Mich 697. Specifically, we noted that no one objected to the use of the parks by the lot owners and the public until shortly before appellant Schurtz filed his complaint. We held:

> The making and recording of the plat, the sale of lots, the use of the streets and parks by the lot owners for a great many years estops appellant Schurtz from now claiming exclusive rights in the parks and streets." [*Id.*]

This was in effect a finding that a private dedication was valid and enforceable. Moreover, the *Schurtz* Court, quoting Westveer v Ainsworth, 279 Mich 580; 273 NW 275 (1937), found such private dedications were irrevocable upon the sale of the lots. This second holding means that a private dedication is effective upon the sale of a lot because it is reasonably assumed that the value of that lot, as enhanced by the dedication, is reflected in the sale price. That is, purchasers relied upon the dedications that made the property more desirable.

In *Thies v Howland*, 424 Mich 282, 286; 380 NW2d 463 (1985), we enforced a 1907 plat with a private dedication that stated that driveways, walks, and alleys shown on the

7

plat were "dedicated to the joint use of all the owners of the plat."  We also held that this dedication gave the lot owners an easement in the dedicated areas.

Private dedications were first statutorily recognized in the 1925 plat act (1925 PA 360).  This act required all roads not dedicated to the public on a plat to be marked as private roads and further indicated:

> [I]f there be any street, park, or other places which are usually public but not so dedicated on said plat the character and extent of the dedication of such street, park or other public place shall be plainly set forth in said dedication. . . . [1925 PA 360, § 1.]

The clear import of this language is that streets and parks may be dedicated to less than the general public, which, of necessity, means to private persons or entities.  Although the 1925 plat act does not expressly grant legitimacy to private dedications contained in plats recorded before the effective date of that statute, the act nonetheless is significant in understanding the status of pre-1925 private dedications because the statute did not so much authorize the *creation* of private dedications as it *presupposed* that such dedications were already legitimate.  Cases construing this statute have been in accord with this understanding of the 1925 act.

In *Minnis v Jyleen*, 333 Mich 447; 53 NW2d 328 (1952), this Court considered a plat that had been recorded in 1926

8

and that dedicated some streets shown on the plat to the public with all other roads "dedicated to the use of the property owners in the subdivision." 333 Mich 449. In resolving a dispute that had developed over one of the private roads, this Court stated:

> The rights granted under the dedicatory clauses in the plat to the owners of lots in the subdivision may not be infringed by one lot owner for his own convenience to the detriment of his fellow lot owners. [333 Mich 454.]

This, then, is the recognition of the validity of the plat's private dedication that was reinforced when the Court also held that the lot owners had a private easement in the road, which they were "entitled to use and enjoy." 333 Mich 451.

In 1974 in *Feldman v Monroe Twp Bd*, 51 Mich App 752, 754-755; 216 NW2d 628 (1974), the Court of Appeals considered a 1928 plat that dedicated parks to the use of the property owners only. The Court of Appeals found this to have been a valid irrevocable private dedication and ruled as in *Minnis* that the lot owners had an easement in the privately dedicated lands.[6]

---

[6]*Feldman*, unlike the other cases we discuss, was addressed by the Court of Appeals in *Martin*. That Court rejected it because it believed the *Feldman* panel had misread the law. The *Martin* panel indicated that the *Feldman* Court had read the *Westveer* and *Kirchen v Remenga*, 291 Mich 94; 288 NW 344 (1939), cases, in which private

Similarly, in 1975, in *Fry v Kaiser*, 60 Mich App 574; 232 NW2d 673 (1975), the Court of Appeals held that a 1950 plat that dedicated the streets to the public and the channels "to the use of the lot owners" gave the lot owners an easement in the channels.

Again, in 1981, in *Walker v Bennett*, 111 Mich App 40; 315 NW2d 142 (1981), in considering a 1956 plat with a private drive, the Court of Appeals held that the lot owners had an easement in the private drive and further noted the important legal proposition that a purchaser of platted lands receives not only the interest described in the deed, but also whatever rights are reserved to the lot owners in the plat.

In the last case controlled by the 1925 act, *Dobie v Morrison*, 227 Mich App 536, 537; 575 NW2d 817 (1998), the Court of Appeals considered a 1966 plat that dedicated a park to "the use of the owners of lots in this plat which have no lake frontage." The Court of Appeals, consistently with the earlier cases and with the scope of the 1925 act,

rights arose from public dedications, to erroneously allow for private dedications. Whatever the strength of that proposition, the *Martin* panel failed to account for the *Feldman* Court's additional reliance on *Schurtz,* which, as we have explained, approved a private dedication in an 1891 plat. *Schurtz* then, as a private (not a public) dedication dedication case, was on point and the *Feldman* panel was entitled to rely on it. More to the point, it was irrelevant that *Feldman* may have read too much into *Westveer* and *Kirchen.* Thus, the Court of Appeals was in error to reject the holding of *Feldman.*

held that such a dedication was valid and granted the lot owners without lake frontage an easement in the park.

All these cases, i.e., *Schurtz, Thies, Minnis, Feldman, Fry, Walker,* and *Dobie*, stand for the proposition that, in both the era of statutory silence on private dedications (1835-1924) and the era of implicit statutory recognition of private dedications (1925-1966), a dedication of land for private use in a recorded plat gave owners of the lots an irrevocable right to use such privately dedicated land.  We agree with such holdings.

Finally, to complete the review of private dedication law, as we have explained in the *Martin* case of the same date as this, which involves the period since the latest plat act in 1967 (1967 PA 288), MCL 560.101 *et seq.,* private dedications are expressly allowed.[7]  The Court of Appeals obiter dictum to the contrary in *Martin* concerning pre-1967 private dedications  relied on a few cases such as

---

[7] MCL 560.253(1) provides:

> When a plat is certified, signed, acknowledged and recorded as prescribed in this act, *every dedication, gift or grant to the public or any person, society or corporation* marked or noted as such on the plat shall be deemed sufficient conveyance to vest the fee simple of all parcels of land so marked and noted, and shall be considered a general warranty against the donors, their heirs and assigns to the donees for their use for the purposes therein expressed and no other. [Emphasis added.]

11

*Kraushaar v Bunny Run Realty Co*, 298 Mich 233, 241-242; 298 NW 514 (1941), and subsequent cases citing it,[8] that included language stating that there is no such thing as a dedication between the plat dedicator and individuals and that the public must be a party to every dedication. Yet, when read carefully, these statements must be discounted because the foundational case, *Kraushaar,* actually reached a conclusion that allowed private users to benefit from a private dedication notwithstanding the above referenced contrary language in the Court's opinion. In any event, with today's decision, we disavow such language and clarify that private dedications are valid in plats registered both before and after 1967.

With the overview of private dedications completed, we turn to the specific dedication at issue in this case. The 1913 Ye-qua-ga-mak subdivision plat stated that the parks were "dedicated to the owners of the several lots." This dedicatory phrase is legally indistinguishable from the language found in *Thies*, 424 Mich 286, which also concerned a pre-1925 dedication, in which this Court held that a dedication, "to the joint use of all the owners of the plat," was enforceable by those lot owners. Further

---

[8] *Detroit Edison Co v Detroit*, 332 Mich 348, 353; 51 NW2d 245 (1952), and *West Michigan Park Ass'n v Dep't of Conservation,* 2 Mich App 254, 267; 139 NW2d 758 (1966).

12

reinforcing our conclusion about the efficacy of the instant dedicatory language is the fact that it clearly gives more to the grantees than the mere silence regarding the right to use of the park that was found in *Schurtz* to be sufficient to establish enforceable rights by the lot owners.

Accordingly, following the lead of both the *Thies* and *Schurtz* Courts, we hold that plaintiffs have an irrevocable right to use the parks. To the extent it could be argued that the case law at the time of the dedications in *Schurtz, Thies,* and the instant case did not explicitly recognize the validity of private dedications, for the class of plat dedications dating from before the 1925 statute, we follow the rationale of *Schurtz* and find that defendants are estopped from claiming exclusive rights in the parks. Our holding, presaged by not only our case law, but also the Auditor General's approval of this plat ninety years ago, is supported by the clear intent of the dedication grantors as expressed in the words of the plat and the reliance the original purchasers were entitled to place on the private dedication in the plat.

## CONCLUSION

For all these reasons, we hold that dedications of land for private use in plats before 1967 PA 288 took effect convey at least an irrevocable easement in the

dedicated land.  Accordingly, we reverse the judgment of the Court of Appeals and remand this case to that Court for further proceedings consistent with this opinion.

Clifford W. Taylor
Maura D. Corrigan
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Robert P. Young, Jr.
Stephen J. Markman