# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM BOYLE,

　　　　　　　Plaintiff-Appellee,

v

HURON DUNES ASSOCIATION,

　　　　　　　Defendant-Appellant,

and

MICHAEL SENESKI,

　　　　　　　Defendant.

UNPUBLISHED
November 5, 2015

No. 323051
Huron Circuit Court
LC No. 12-105131-CC

Before: SAWYER, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

In this declaratory action, the circuit court, following a bench trial, ruled that defendant Huron Dunes Association[1] did not have the authority to grant permission to subdivision lot owners to erect private structures upon private park lands because to do so would be inconsistent with an irrevocable easement held by all lot owners in the Huron Dunes Subdivision, including plaintiff. Defendant, a non-profit Michigan corporation, appeals as of right. We affirm.

The underlying facts are largely undisputed. Plaintiff is a lot owner in the Huron Dunes Subdivision, which abuts Saginaw Bay. All lot owners in the subdivision maintain an easement over the parks and streets within the subdivision, which are owned by defendant. In July 2012, defendant provided written permission to Michael Seneski[2] to construct a private deck on park property situated adjacent to his lot. Plaintiff objected to the construction of this deck, and filed this lawsuit seeking declaratory relief as to whether defendant could provide such permission. After a bench trial, the trial court concluded that construction of a private structure on the private

---

[1] We refer to Huron Dunes Association as defendant for the purposes of this opinion.

[2] Seneski was originally a defendant in the proceedings. However, after plaintiff filed suit, Seneski withdrew his request and was thereafter dismissed as a party by stipulation.

park, for which plaintiff had an easement, was contrary to the plain language of the deed and recorded restrictions, as well as the dedicatory language of the plat.

On appeal, defendant argues that the trial court erred in finding that defendant was not permitted to authorize individual lot owners to construct private structures for their exclusive use in the private park. "The extent of a party's right under an easement is a question of fact." *Dobie v Morrison*, 227 Mich App 536, 541; 575 NW2d 817 (1998). The court's factual findings are reviewed for clear error on appeal. *Id*. "A factual finding is clearly erroneous only when the reviewing court is left with the definite and firm conviction that a mistake has been made." *Ford Motor Co v Treasury Dep't*, 496 Mich 382, 389; 852 NW2d 786 (2014) (citation and internal quotation marks omitted). "The language of an express easement is interpreted according to rules similar to those used for the interpretation of contracts." *Wiggins v City of Burton*, 291 Mich App 532, 551; 805 NW2d 517 (2011). Thus, courts are to ascertain the intent of the contracting parties by looking to the plain language of the easement. *Id*. If the language is clear, it must be interpreted according to its plain and unambiguous meaning. *Id*.

The parties seem to agree that the property interest at issue is that of an easement. "An easement is, by nature, a limited property interest. It is a right to *use* the land burdened by the easement rather than a right to occupy and possess [the land] as does an estate owner." *Michigan Dep't of Natural Resources v Carmody-Lahti Real Estate, Inc*, 472 Mich 359, 378; 699 NW2d 272 (2005) (citation and internal quotation marks omitted). "[A]n easement may be created by express grant, by reservation or exception, or by covenant or agreement." *Heydon v MediaOne*, 275 Mich App 267, 270; 739 NW2d 373 (2007). Generally, "a dedication of land for private use in a recorded plat g[ives] owners of the lots an irrevocable right to use such privately dedicated land." *Little v Hirschman*, 469 Mich 553, 562; 677 NW2d 319 (2004).

The dedicatory language of the plat (subdivision) in question provides that "the streets, lanes, and parks as shown on said plat are hereby dedicated to the use of the property owners. . . ." Plaintiff's deed provides the following restriction:

> The Private Park shown on the recorded plat of said Subdivision *shall be reserved for the lawful and proper use of all the owners of lots in said Subdivision*, but no building shall be erected or moved upon any such lands except with the written approval of the Port Crescent Land Company, its successors or assigns. Such approval will not be given for boat houses, except to the owners of Lots One (1) to Fifteen (15) inclusive, which boat houses shall be constructed immediately in front of the respective lots in accordance with plans approved as set forth in paragraph 3 hereof. *Proper use of the Private Parks shall be determined by the Port Crescent Land Company, but shall only include educational, recreational, or community service activities*. [Emphasis added.]

This language is also contained in the subdivision's restrictions recorded with the local Register of Deeds. The trial court found "that construction of a privately owned deck or other structure on Private Park land is contrary to the dedicatory language of the Huron Dunes plat, and is contrary to the plain language of [] the deed Restrictions and record Restrictions." It further explained "that construction of a deck or other structure by a lot owner on or over Private Park

lands would allow one lot owner to infringe on Private Park land for his or her convenience to the detriment of fellow lot owners, including Plaintiff."

Here, we conclude that the trial court did not clearly err in its determination. The plain language of the easement provides that the park "shall be reserved" for the proper use of the lot owners in the subdivision, and proper use includes "educational, recreational, or community service activities." While the language also provides that defendant must give written approval for buildings erected on the private park, approval for a private structure designed for individual use conflicts with the plain language of the restriction. Allowing such a structure to be built on the private park land would not qualify as proper use, as it would be for the private landowner's exclusive use and not for educational, recreational, or community service activities "of all the owners of lots in said Subdivision." Thus, the trial court was correct in its holding that defendant "does not have authority to grant permission to allow subdivision lot owners to erect private structures upon the Private Park lands of the subdivision unless it is for educational, recreational, or community service activities for the use and enjoyment of all subdivision lot owners."

The trial court's holding is consistent with *Minnis v Jyleen*, 333 Mich 447; 53 NW2d 328 (1952). In *Minnis*, the defendants owned multiple lots in a subdivision. *Id*. at 449. In order "to protect their lots against the flow of water from the highway," the defendants sought to construct a gutter or curbing that "extend[ed] across the graveled road used for travel," an easement owned by other lot owners, in the subdivision. *Id*. at 450. The other lot owners filed suit, seeking to prevent the defendants from doing so because, they argued, such a gutter or curbing would interfere with their ability to utilize that road. *Id*. The trial court entered a decree enjoining the defendants from constructing the gutter or curbing, and the Michigan Supreme Court affirmed, holding that that "[t]he rights granted under the dedicatory clauses in the plat to the owners of lots in the subdivision may not be infringed by one lot owner for his own convenience to the detriment of his fellow lot owners." *Id*. at 454. Defendant asserts that unlike in *Minnis*, no facts have been adduced to show how plaintiff's use of his easement would be impeded. However, building a private structure on land dedicated for use by the entire subdivision lot owners interferes with their rights as set forth in the dedication and restriction. Thus, the *Minnis* decision lends further support to the trial court's holding.

Finally, we address defendant's contention that the trial court improperly addressed this issue because Seneski withdrew his application to construct the deck during the pendency of this litigation. First, we note that defendant failed to properly present this issue in its statement of questions presented. MCR 7.212(C)(5). Accordingly, this Court need not address this issue. *Bouverette v Westinghouse Electric Corp*, 245 Mich App 391, 404; 628 NW2d 86 (2001). Even assuming this issue was properly raised on appeal, we disagree with defendant that there is no actual controversy. MCR 2.605. When Seneski was dismissed as a party from this lawsuit, the order provided that Seneski withdrew his request "pending the outcome of this litigation." Thus, we agree with the trial court that this issue presented is likely to recur based on the language in the dismissal. Accordingly, an actual controversy exists and declaratory relief was proper.

In sum, the trial court properly concluded that, pursuant to the deed and recorded restrictions, defendant, as the owner of the park, is prohibited from acting in a manner that is inconsistent with the rights of the lot owners, who own an easement. Defendant, by purporting to have the authority to grant permission to some individual lot owners, and actually granting

permission to Seneski, to build permanent, private structures on private park land, acted in a manner that was inconsistent with plaintiff's rights under the easement at issue.

Affirmed.

/s/ David H. Sawyer
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood