# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD T. BILDSTEIN and CONNIE M. YUSKA,

Plaintiffs-Appellees/Cross-Appellants,

v

EARL F. HASLER, DIANNE HASLER, WILLIAM F. BENNER, ARTHUR BENNER, ELIZABETH BENNER, RYAN FLAGEL, APRIL MONTEY, TINA REIDY, LORETTA REIDY, JOHN MCNAUGHTON, DANIEL HUGHES, JAMES V. MEERSMAN, JR., MATTHEW THUNELL, MINDY THUNELL, WILLIAM O'MEARA, TRUSTEE, ARTHUR O'MEARA, JASON MCCROREY, MARJORIE BLAYLOCK, WAYNE BLAYLOCK, BOBBY BLAYLOCK, and MICHELLE BLAYLOCK,

Defendants-Appellants/Cross-Appellees,

and

DANIEL VIDA, CATHERINE KUTCKA, AUDREY J. SPERLING TRUST, JAMES R. WRIGHT, WILLIAM MORACA, TERESA MORACA, RONALD PAVLIK, ROSARIO PICONE, JR., ROSARIO PICONE, SR., DANIEL VIDA, SUSAN VIDA, JAMES WITTLING, RONALD PAVLIK, KATHERINE PAVLIK, THOMAS WICHLINSKI, PATRICA WICHLINSKI, JEFFERY SCHMAL, AUDREY HUGHES, GRACE HENDRICKSON, DANIEL GREENE, FRANK CICCHETTI, GADO ONGWELA, EDWIN LAMMEL, GIL SNYDER, NANCY SNYDER, RUSSELL CROSS, JR., MARCUS TENNANT, KRISTINE TENNANT, SHARON ROURKE, BARBARA BALDWIN, RANDALL MCMANIGAL, RONALD

UNPUBLISHED
January 21, 2016

No. 323094
Van Buren Circuit Court
LC No. 11-060787-CH

-1-

MCMANIGAL, MICHAEL CONRAD JR.,
TRUSTEE, NICHOLAS MAROZSAN,
DELORES MAROZSAN, THOMAS FOSTER,
JANET FOSTER, IRENE MESTACH, DEREK
NESTICH, JODI MANEKE, EAA PROPERTIES,
L.L.C., STEVE LAVELLE, LYNN LAVELLE,
TERRENCE SALS, THOMAS GANGAS,
GEORGE GANGAS, STEPHEN KERESZTESI,
MICHAEL BURRAFATO, ALISON
BURRAFATO, BIRNEY VANDERBOEGH,
JACQUELINE JONKER, MARILYN HERALD,
SISTER LAKES, L.L.C., THOMAS HUGHES,
HELEN HUGHES, HARRY KOWALSKI,
ANGELA KOWALSKI, KAREN
KAZMIERZAK, ROGER SOUCY, ELIZABETH
SOUCY, and JAMES HOGAN,

 Defendants.

---

Before: BECKERING, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

The parties own lots in the Woodland Beach No. 1 subdivision bordering Crooked Lake in Van Buren County. Plaintiffs are a married couple who own a lakefront lot that abuts "Woodland Court," a strip of land that culminates at the lake. Disgruntled by the "partying" of certain backlot owners around a dock extending from Woodland Court, plaintiffs filed suit seeking a declaration of everyone's interests and an injunction to prevent undesirable activities. Upon competing motions for summary disposition, the circuit court ruled that plaintiffs had littoral rights in their lot,[1] but that a dedication in the plat map gave all backlot owners the right to enjoy Woodland Court and the platted beach along the lakefront. The backlot owners' rights included the right to erect a nonexclusive dock for the temporary mooring of boats and to use the beach at Woodland Court for normal beach activity.

Both sides have appealed. The backlot owners contend that the circuit court improperly resolved the matter without the addition of all necessary parties, i.e., the complete roster of the subdivision property owners. They also challenge the court's decision to reach certain issues at all, as well as the propriety of the restrictions on their use of Woodland Court. Plaintiffs, on the

---

[1] Technically, land abutting a river includes riparian rights, while land abutting a lake includes littoral rights. See *2000 Baum Family Trust v Babel*, 488 Mich 136, 138 n 1; 793 NW2d 633 (2010). The parties and the circuit court referred to plaintiffs' interests as riparian. We employ the correct description of these rights in this opinion.

-2-

other hand, argue that the restrictions are not broad enough. We affirm the circuit court's decision to proceed with the matter despite the absence of several lot owners. We also affirm the court's rulings in regard to the parties' rights to Woodland Court. The parties correctly assert that the circuit court should not have defined the parameters of the beach easement along the lakefront properties, however, and we vacate that part of the judgment.

## I. BACKGROUND

In 1941, the four original owners of a block of land recorded a plat map for the Woodland Beach subdivision on Crooked Lake. The plat dedicated "the streets and beaches as shown on said plat . . . to the use of persons owning property in said plat, except the street designated as 'county road,' which [was] dedicated to the use of the public." The 20-foot-wide Woodland Court, which is perpendicular to and ends at Crooked Lake, borders plaintiffs' lot. On the plat, when Woodland Court reaches Crooked Lake, it turns and becomes a "beach (private)" (the Beach). The Beach sits between a row of six lots, including plaintiffs', and Crooked Lake.

Plaintiffs initially filed suit only against Earl and Dianne Hasler, challenging their activities on Woodland Court. The Haslers constructed a long F-shaped dock into Crooked Lake extending from Woodland Court. They moored a boat at the dock for extended periods. And the Haslers, along with a bevy of guests, spent the summer lounging and picnicking on the dock, engaging in water activities, and generally "partying" according to plaintiffs. In their March 25, 2011 "complaint to determine interest in land," plaintiffs described Woodland Court and the Beach and indicated that these were dedicated to the use of all lot owners. Plaintiffs asserted, however, that the Haslers' "activities in front of Plaintiffs' lot and on Woodland Court exceed the scope of their dedicated rights," and that this overreaching had impaired the use and enjoyment of plaintiffs' littoral rights. Plaintiffs sought a declaration that the dedication did not include the right to erect a pier or to moor watercraft at the end of Woodland Court and that as littoral owners, plaintiffs possessed the rights accompanying that interest. Plaintiffs also sought an injunction preventing the Haslers from exceeding the scope of the dedication in the future.

The Haslers retorted that all lot owners within the subdivision were necessary parties to the action because plaintiffs sought to define the rights of all. After some negotiation, plaintiffs agreed to amend their complaint and began the Herculean effort of serving every lot owner. Ultimately, service could not be accomplished as to approximately 20 lot owners and the court dismissed plaintiffs' claims against those parties. Many other defendants declined to respond and default judgments were entered against them. Only the small group of defendants-appellants remained. The Haslers again sought to dismiss the suit based on the dismissal of certain defendants for lack of service, but the court denied the request. As plaintiffs were seeking to enjoin certain individuals from engaging in uses beyond the scope of the dedication, rather than to amend the plat or exert title over the dedicated areas, the court determined that those parties who were actually necessary were then before the court.

Plaintiffs and remaining defendants subsequently filed competing motions for summary disposition, each believing the law was on their side in defining the scope of their interests. In a confusing and sometimes contradictory order, the circuit court denied the motions on March 5, 2014. Following the transfer of the matter to a different judge, plaintiffs sought reconsideration and the court decided to rehear the matter. The circuit court partially granted each side's motion

on July 17, 2014. The circuit court held that all subdivision owners had the following rights to Woodland Court and the beach at its terminus: (1) to install one nonexclusive dock; (2) to temporarily moor boats to the dock, but not overnight; (3) to use Woodland Court as it extends into Crooked Lake for fishing, swimming, boating, and other incidental purposes; and (4) to use the beach on Woodland Court for regular beach activities. The court also held that plaintiffs' lot was littoral and that the lot owners had an easement to use the Beach in front of plaintiffs' lot for ingress and egress to Crooked Lake.

## II. NECESSARY PARTIES

Defendants continue to argue that the circuit court should have dismissed the action in its entirety because plaintiffs failed to effectuate service on each lot owner within the subdivision. We review a circuit court's decision regarding joinder for an abuse of discretion. *Mason Co v Dep't of Community Health*, 293 Mich App 462, 489; 820 NW2d 192 (2011).

MCR 2.205(A) provides that "persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties and aligned as plaintiffs or defendants[.]" When such persons have not been made parties and are subject to the jurisdiction of the court, the court shall order a summons for their appearance. MCR 2.205(B). The purpose of MCR 2.205(A) is "to prevent the splitting of causes of action and to ensure that all parties having a real interest in the litigation are present." *Mason Co*, 293 Mich App at 489.

In their amended complaint, plaintiffs alleged that "[s]ome or all defendants" had "constructed piers that extend into Crooked Lake from Woodland Court and from the beach area on or near" their lot. They also alleged that "[s]ome or all defendants" had moored boats to the piers and "engaged in sunbathing, partying, swimming, picnicking, and other beach activities at the end of Woodland Court and on or near" their lot. According to plaintiffs, these activities exceeded the scope of the dedication for Woodland Court. In their amended complaint, plaintiffs asked the court to declare the rights of defendants regarding Woodland Court, including that defendants did not have a right to erect a pier and moor watercraft at the end of Woodland Court, and to grant injunctive relief, including requiring defendants to remove the dock and forbidding defendants from placing additional docks into Crooked Lake and from mooring boats. Essentially, plaintiffs wanted a judgment that prohibited defendants from engaging in activities that they believed were beyond the scope of the dedication. There is no claim that any of the dismissed defendants engaged in any of the alleged prohibited activities. The individuals who had purportedly engaged in the subject activities had been served with process, submitted to the circuit court's jurisdiction, and would be subject to any judgment of the court. See MCR 3.114(H). Therefore, the circuit court could render complete relief to plaintiffs, and acted within its discretion in denying defendants' motion to dismiss.

## III. LITTORAL RIGHTS AND BEACH DEDICATION

Defendants assert that the circuit court should not have resolved whether plaintiffs possessed littoral rights or determined the scope of the dedication of the Beach as those issues had no bearing on the use of Woodland Court, the only real issue in the case according to defendants. Plaintiffs concede in their responsive brief to defendants' appeal that the circuit

-4-

court should not have defined the scope of the Beach easement. Indeed, beyond the cursory allegations regarding the Beach in plaintiffs' complaint, plaintiffs made no argument in this regard. Absent an "actual controversy" over the use of the Beach, MCR 2.605(A)(1), we vacate that portion of the circuit court order.[2]

However, we discern no reversible error in the circuit court's decision to elucidate plaintiffs' property interest. In order to define the parties' interests in Woodland Court, the circuit court was first required to identify the parties' interests in their own lots and the subdivision. Moreover, plaintiffs *are* littoral owners. Plaintiffs own a lot separated from the lake only by a strip of land dedicated to all lot owners as a beach. Michigan courts have repeatedly held that such dedications and easements do not cut off the waterfront owner's littoral rights. See *Thies v Howland*, 424 Mich 282, 293; 380 NW2d 463 (1986). See also *2000 Baum Family Trust*, 488 Mich at 167-168. Accordingly, we discern no error meriting relief.

## IV. SCOPE OF WOODLAND COURT DEDICATION

Neither party was satisfied with the circuit court's description of defendants' rights to use and enjoy Woodland Court. Defendants argue that the circuit court improperly limited the length of time they may moor boats to the nonexclusive dock. Plaintiffs complain that defendants should have no right to install, maintain, or use any dock.

Plaintiffs sought summary disposition under MCR 2.116(C)(9) and (10), and defendants under MCR 2.116(I)(2). As a motion based on MCR 2.116(C)(9) (failure to present a viable defense) is dependent on the pleadings alone, *Glass v Goeckel*, 473 Mich 667, 677; 703 NW2d 58 (2005), and the court considered the evidence presented by the parties, we consider the motion as granted under MCR 2.116(C)(10).

> We review a trial court's decision on a motion for summary disposition de novo. . . .
>
> A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. A genuine issue of material fact exists when the record, giving benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013) (quotation marks and citations omitted).]

---

[2] As the circuit court should not have reached this issue, we need not consider defendants' alternate challenges to the substance of the order.

The Woodland Beach subdivision was platted before the Land Division Act, MCL 560.101 et seq., took effect in 1968. *Martin v Beldean*, 469 Mich 541, 547; 677 NW2d 312 (2004). "[D]edications of land for private use in plats before [the Land Division Act] took effect convey at least an irrevocable easement in the dedicated land." *Little v Hirschman*, 469 Mich 553, 564; 677 NW2d 319 (2004). "[A] purchaser of platted lands receives not only the interest described in the deed, but also whatever rights are reserved to the lot owners in the plat." *Id.* at 561. When interpreting a plat, this Court seeks to effectuate the intent of the plattor. *Tomecek v Bavas*, 482 Mich 484, 490-491; 759 NW2d 178 (2008) (opinion by KELLY, J); *id.* at 499 (CAVANAGH, J., concurring in part and dissenting in part). When the language of a legal instrument is plain and unambiguous, it is to be enforced as written and no further inquiry is permitted. *Little v Kin*, 468 Mich 699, 700; 664 NW2d 749 (2003); *Dyball v Lennox*, 260 Mich App 698, 704; 680 NW2d 522 (2004). Only if the language is unambiguous may extrinsic evidence be considered to determine the plattor's intent. *Little*, 468 Mich at 700; *Dyball*, 260 Mich at 704.

Here, the plat simply states: "[T]he streets and beaches as shown on [the] plat are hereby dedicated to the use of persons owning property in said plat." The plat does not define "use." The scope of the "use" can be determined, however, by looking to the legal understanding of that term in relation to roadways terminating at the waterfront.

First, caselaw supports the circuit court's conclusion that defendants could install a nonexclusive dock into Crooked Lake from Woodland Court. It was long settled before the current plat was created that when a road that ends at the water is dedicated to public use, a public agency may construct a dock for public use. See *Backus v Detroit*, 49 Mich 110, 120; 13 NW 380 (1882). As described in *Thies*, 424 Mich at 296, the right to construct a dock is not dependent on the public owning the roadway in fee. "Rather, it is based upon the presumption that the plattor intended to give access to the water and permit the building of structures to aid in that access." *Id.* The only limit is that "[a]ny dock which is constructed at the end of a common way must be made available for the use of those to whom the way is dedicated." *Id.* In *Thies*, the Supreme Court noted that the result should be no different when the roadway (and therefore the dock) are dedicated to the use of subdivision lot owners. *Id.* Accordingly, neither party's challenge to this portion of the court's order has merit.

Second, defendants complain that their right to moor boats should not be limited to temporary use. One stick in the bundle of littoral and riparian rights is the right "to permanently anchor boats off the shore." *2000 Baum Family Trust*, 488 Mich at 166. See also *Thies*, 424 Mich at 288; *Hall v Wantz*, 336 Mich 112, 117; 57 NW2d 462 (1953). However, "[a]n incident of the public's right of navigation is the right to anchor boats *temporarily*." *Thies*, 424 Mich at 288 (emphasis added). See also *Delaney v Pond*, 350 Mich 685, 688; 86 NW2d 816 (1957). Defendants are not littoral owners, they are backlot owners with a right to access the water through land dedicated for that purpose on the plat map. Absent littoral rights, defendants have no ground to assert a right to moor boats on the lake for any extended period of time. It was within the circuit court's purview to determine what constituted "temporary mooring" and we discern no error in the overnight restriction defined by that court.

Third, we also discern no error in the circuit court's determination that defendants could use the dock for fishing, swimming, and boating, and that portion of the beach on Woodland

Court for regular beach activities. In *Thies*, 424 Mich at 288, the Supreme Court noted, "Nonriparian owners and members of the public who gain access to a navigable waterbody have a right to use the surface of the water in a reasonable manner for such activities as boating, fishing and swimming." We see no reason the same should not be true where a dedicated roadway ends at the water. Compare *Delaney*, 350 Mich 686-687 (noting that where the backlot owners enjoyed a 10-foot easement along a riverfront pier which was *specifically limited as an access point*, the backlot owners could not use the pier for fishing and swimming without committing a trespass). Here, there was no such specific limitation on the use of Woodland Court or the water's edge. Accordingly, within the confines of Woodland Court and the dock extending from its terminus, the circuit court correctly determined that defendants could engage in normal beach and dock activities.[3]

We affirm in part and vacate in part. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly

---

[3] Given these conclusions, we need not address defendants' alternate argument that they had obtained a prescriptive easement to maintain a dock.